W. J. SINGLETARY v. G. H. GOEMAN ET AL.

Decided November 25, 1909.

**1.—Vendor's Lien—Contract.**

The vendor's lien arises by operation of law, and only for the security of purchase money; it can not be created by agreement of the parties; nor can a lien by contract be created by an agreement not in writing as required by the Statute of Frauds.

**2.—Same—Cash Payment—Note Given to Third Party—Parol Agreements— Priority—Statute of Frauds.**

The recital, in a deed for land, of part payment in cash is not conclusive, but parol evidence is admissible to show that a note for the amount of such payment, whether given to the vendor and assigned by him to the party furnishing the money or made payable directly to the latter, was given for the purchase money and therefore entitled to such lien for its security, as well as to show a verbal agreement by all parties that it should, as against the notes given the vendor for deferred payments, be entitled to priority of lien. If, however, the money was advanced by such third party as a loan to the vendee on the personal security of himself and his sureties executing the note, not being in such case given for the purchase money, no lien therefor could be created by mere parol agreement.

**3.—Same.**

The assignment of a deed or note need not be in writing, nor is such writing necessary to show, as between the assignor and assignee of a claim for purchase money, that the former agreed that the latter, who by the assignment of the deed acquired also the lien securing it, should have a preference over the lien for notes for the balance of the purchase money retained by the assignor. The same principle would, it seems, apply to an agreement not in writing, by the vendor of land, that the note given for part of the purchase money to another than himself should have a preference over the lien securing the notes made payable to him.

**4.—Same—Pleading.**

Allegations by the sureties on a note given by the purchaser of land to a bank for money borrowed to make a cash payment thereon, that by cotemporaneous verbal agreement with the vendor they were, if compelled to pay same, to have a vendor's lien, prior to his own securing the deferred payments, on the land sold, were insufficient to admit evidence in support of their claim to enforce such lien, being only an attempt to show the creation of a mortgage or contract lien not in writing as required by the Statute of Frauds.

**5.—Same—Subrogation—Cross-action.**

Parties seeking by cross-action to be subrogated to the vendor's lien of the holder of a note for purchase money of land, which they, as sureties, had paid off pending the action by such holder against themselves and others to foreclose it, must make the allegations in their cross-action essential to show the existence of such lien. They can not rely on the pleadings to that effect contained in the petition of plaintiff.

Appeal from the District Court of Camp County. Tried below before R. W. Simpson.

*M. M. Smith,* for appellant.—No valid lien can be created on real estate by a verbal or parol agreement. Rev. Stats., art. 624; Castro v. Illies, 13 Texas, 229; Boehl v. Wadgymar, 54 Texas, 591; Wynn v. Flannegan, 25 Texas, 778; Johnson v. Granger, 51 Texas, 42; Wright v. Doherty, 50 Texas, 41.

Parol evidence is inadmissible to add to, take from or in any manner vary the terms of a valid written instrument. Railway Co. v. Garrett, 52 Texas, 133; Walker v. Renfro, 26 Texas, 142.

An agreement which is not to be performed, and which by its terms can not be performed within one year from the making thereof, is void by the statute of frauds, unless in writing. Rev. Stats., art. 2543, par. 5; Thouverin v. Lee, 26 Texas, 614; Robb v. Railway Co., 82 Texas, 394; Railway Co. v. Wood, 82 Texas, 196.

The statement verbally made, that in the event of non-payment at maturity of the note referred to, that same should be a prior vendor's lien upon the land, the same being between parties to the suit, is an agreement and not a representation, and being verbal, is void under the statute of frauds and under the laws of Texas. Wynn v. Flanegan, 25 Texas, 782; Boehl v. Wadgymar, 54 Texas, 591; Rev. Stats., art. 624; Edwards v. Dickson, 66 Texas, 618.

Estoppel will not confer the right to prove any fact by evidence that would not be admissible were estoppel not involved. Estoppel will not confer title to real estate. Wright v. Doherty, 50 Texas, 41; 3 Wash. on Real Property, 96; 6 Wait's Ac. and Defenses, 544, 688, 691.

The statement verbally made, if made, that in the event of non-payment at maturity of the note referred to, then the same should become a vendor's lien and a prior lien upon the land mentioned, is not a representation of an existing or past fact, but an agreement for something to take place in future, can not work an estoppel, there being no allegation or proof by plaintiff of fraud, and, where appellees knew all facts as well as did appellant, no estoppel. Wortham v. Thompson, 81 Texas, 350; Scoby v. Wheat, 28 Texas, 730; Meyer v. Ramsey, 46 Texas, 375; Simpkins on Equity, 397; Edwards v. Dickson, 66 Texas, 618; 50 Texas, 41.

The verbal agreement, even if made by appellant, made with him of the one part and said makers of said note, appellees herein, of the other part, that said note to the bank should be a prior vendor's lien upon said house and lot, is but a verbal undertaking for a lien upon real estate, is in violation of the statute of frauds, the law of this State, and is null and void. Edwards v. Dickson, 66 Texas, 618; Meyer v. Ramsey, 46 Texas, 375; Wortham v. Thompson, 81 Texas, 350; Rev. Stats., arts. 624, 2543; Wright v. Doherty, 50 Texas, 41; 6 Wait's Ac. and Def., pp. 688, 691, 544.

An agreement that the note should be a lien on land, being made after the note was signed by all parties who signed the same and after it was delivered to payee bank and the principal maker had obtained thereon the money and had it in his sole possession, is in no sense a representation whereby those who signed as sureties could claim they were induced to sign the same. It is not a representation but an agreement, and is without any consideration. Burleson v. Burleson, 28 Texas, 415; Page v. Arnim, 29 Texas, 72; Grinnan v. Dean, 62 Texas, 220; Steed v. Petty, 65 Texas, 495; Wortham v. Thompson, 81 Texas, 350; Mayer v. Ramsey, 46 Texas, 375; Ferguson v. Turner, 58 Texas, 9.

*E. A. King* and *W. R. Heath*, for appellees.—The vendor's lien ex-

ists in every case of the sale of land when the purchase money is not paid, unless it is waived, and even where the vendor gives an absolute conveyance, reciting the receipt of the purchase money, if the purchase money was not in fact paid, the vendor's lien exists and subsists between the vendor and vendee and all purchasers with notice that any of the purchase money is unpaid. Briscoe v. Bronaugh, 1 Texas, 326; Burford v. Rosenfield, 37 Texas, 44; Brandenburg v. Norwood, 66 S. W., 587; Cecil v. Henry, 93 S. W., 216; McAlpine v. Burnett, 19 Texas, 498.

Where the purchase money for land is advanced to the vendee by a third person under an agreement that the debt should be protected and secured by a vendor's lien on the land so purchased, a valid vendor's lien is thereby created, or arises out of such transactions, in favor of such third person, to secure the payment of the debt so created for the purchase money, and it is binding upon the vendee and purchasers with notice of the facts. Pinchain v. Collard, 13 Texas, 333; Wynn v. Flannagan, 25 Texas, 782; Johnson v. Townsand, 77 Texas, 640; B. & L. Association v. Hardy, 14 Texas Civ. App., 642; Hicks v. Morris, 57 Texas, 663; Vickers v. Kennedy, 34 S. W., 458.

Where notes are given in payment of the purchase money for land and the vendor assigns one of the notes, the assigned note is, as against the vendor, entitled to priority over the other notes. Douglass v. Blount, 22 Texas Civ. App., 493; Lewis v. Ross, 66 S. W., 405.

LEVY, ASSOCIATE JUSTICE.—Appellant conveyed to G. H. Goeman a house and lot in Pittsburg, Texas, for the consideration of $1,300, and the deed delivered recited a cash payment of $650 and two notes, each for $325, payable one and two years after date respectively. The First National Bank of Pittsburg, it seems, let the vendee Goeman have the money to make the cash payment on the land to appellant, and a note was executed by Goeman and the appellees as sureties for the amount to the bank in the first instance as payee. The bank brought the suit, claiming, among other things not material to mention, in its petition, reasonably construing same, that it had advanced the cash to enable the vendee Goeman to make the cash payment for and perfect the purchase of the land, and that it was agreed by appellant and the vendee that the debt should be made payable and be paid by Goeman to the bank and in preference to the appellant's other two lien notes taken by him on the land as a part of the sale. The petition prayed for judgment against the maker of and the sureties on the note to the bank, and for a foreclosure of the vendor's lien on the premises against the said parties, and the appellant, and in preference and priority to appellant's debt of the two other notes. Appellees jointly, and appellant separately, answered the suit. Appellees jointly filed a cross-action against appellant, seeking affirmative relief against him on the allegations therein. It is from the judgment on this cross-action in favor of appellees against appellant, on a jury trial, that the appeal is prosecuted for revision on the errors assigned.

Appellant by proper assignments presents for error and rests the appeal on the question of the admissibility, as being within the statutes of fraud as attempting to create a lien on real estate by parol

agreement, of certain evidence offered by the sureties on the note of the bank in support of their cross-action. The testimony objected to, as stated in the bills of exception, being to the effect that appellant, before and at the time of the sale of the land and execution of the notes and payment of the money part of the consideration of the sale, agreed orally that the note of the bank should be given and be payable to the bank, and "should be a preference vendor's lien in favor of the plaintiff bank in case said Goeman failed to pay same at maturity on said land," and "was to be paid to the bank before the notes given to Singletary were paid." If we could look to the pleading of the bank, interpreted as we think was the intendment of the same as set out herein in the statement of the case, we should not be inclined to the ruling that the error as contended for could be predicated upon the admission of the evidence complained of. Considering the evidence objected to along with and in its proper connection with other evidence in the case, as tested by the pleading of the bank, it might properly be said, we think, that the evidence could be held to have had for its purpose to describe the land transaction about which it relates at the time of purchase and sale, and to establish as a fact in the case that the note was in point of fact given at the time of purchase and sale of the land as a part of the purchase money of the land; and that by agreement at the time of the vendor and vendee and the bank that the debt evidenced by the note in question should be payable to the bank instead of the vendor, the bank having at the time advanced the money to perfect the sale; and that the note should be paid in full by the maker in priority and preference to the portion of the debt held by the appellant evidenced by his two remaining notes. Such a state of facts, it might be said, in the proper case, could be held to show a note given in deed to the vendor of the land for the purchase money of the same and by him assigned to the bank, or the bank substituted as a payee for him. See Pinchain v. Collard, 13 Texas, 334. In fact the purchase money had not been paid by the vendee, the recital in the deed of a cash payment would not, as against the vendor and the parties herein, be conclusive. Under such transaction about the land the law, by reason of the facts, would give rise to or create the lien, as a vendor's lien, on the land, and the assignment of the debt evidenced by the note carries with it, as a matter of law, the vendor's lien, as a consequence and as an appurtenant to the debt. Duty v. Graham, 12 Texas, 434; Moore v. Raymond, 15 Texas, 555; Perkins v. Sterne, 23 Texas, 561; Wynn v. Flannegan, 25 Texas, 778; Irvin v. Garner, 50 Texas, 48. It is a well-settled rule that an assignment of a note or debt can rest in parol, and need not be in writing to be enforcible. Rollison v. Hope, 18 Texas, 446; White v. Downs, 40 Texas, 226; Clarke v. Gillespie, 70 Texas, 513, 8 S. W., 121. There seems to be decided cases holding that an assignee of a vendor's lien note can enforce priority against the vendor over the remaining notes of a series of notes in his hands when the vendor, assigning the note, expressly agrees that the assigned note should have priority in the proceeds of sale. Douglas v. Blount, 22 Texas Civ. App., 493, 93 Texas, 499; Perry v. Dowdell, 38 Texas Civ. App., 96, 98 Texas, 493. It is not necessary in the ruling for us to decide this latter question,

however. But we do not feel warranted in placing the ruling on the evidence, as being admissible under the pleading of the bank, for the reason that we are confronted in the bill of exception with the statement that during the pendency of the suit one of the sureties on the bank's note paid same, and that the bank was not longer prosecuting its suit, and that the cross-action of the appellees was alone being tried, and that the evidence objected to was offered by the appellees and not the bank. Holding, as we do, that there was error in admitting the evidence, as being offered by appellees in support of their cross-action against appellant, it is because the pleading of appellees, properly construing the same, does not state, we think, such a case as would warrant the admission of such evidence offered in support of same and justify us in holding that the evidence, as tested by the allegations of the cross-action, was free of the legal objection that it was within the statute of frauds as attempting to create by parol agreement a contract lien on real estate. The appellees, as we construe the cross-action, were in effect seeking to enforce in their favor as sureties a lien on the land upon a simple agreement between appellant and themselves that they should have a vendor's lien on the premises if they became sureties on the note payable to the bank. Therefore the evidence, considered as a whole, should properly be held as having been offered for such purpose and in proof of such allegation, and clearly would come within the objection urged against it. It is a well-settled principle, which we quote from the opinion in the case of Wynn v. Flannigan, supra, that "A vendor's lien upon land is not established by proof that the parties agreed that one of them should have the vendor's lien upon certain land. Such a lien arises by operation of law where certain facts exist. If the facts do not exist the vendor's lien does not arise. And every kind of lien upon land, such as a mortgage lien, must be evidenced by writing." We understand that appellees do not contend, and properly so, we think, that the notation in the note sued on creates within itself a lien on the land. If it could be said, and we do not think the allegations would warrant it, that the appellees were seeking by the cross-action to be subrogated, as sureties on the note, and having paid the debt of the bank, to the rights and equities to such lien as the bank may have had on the land, then we would not be inclined to hold the evidence inadmissible, because in such pleading it would be allowable to the appellees to make such proof, as is legally their burden of proof, as the bank could have if it were suing to foreclose the lien. To be entitled to subrogation in the premises, if so, and to warrant the introduction of evidence that the bank had a lien, it should affirmatively appear by the pleading in the cross-action the rights of the bank to a lien, if any, and the payment of the debt by the surety, and in the absence, as in the instant pleading, of such substantial averments the sureties could not predicate a recovery as of subrogation. 6 Pomeroy on Equit. Juris., 921-924; Tarver v. Land Mort. Bank, 7 Texas Civ. App., 425; Watts v. Eufala Nat'l Bank, 76 Ala., 474; Lilly v. Dunn, 96 Ind., 220; Weil v. Enterprise Mfg. Co., 7 So., 622. There is no allegation that the surety paid the debt, though it appears in the bill of exception that the fact was proved; and even if we were asked to regard the proof as

supplying the averment, the omission to allege any lien in the bank, or the right of the bank to a lien, would remain as fundamentally fatal to the pleading in such respect. The judgment would not be authorized "upon a petition or answer which manifestly discloses no cause of action or grounds of defense, though its verity in fact be admitted or proved;" and this even though the party did not except to the pleading. Borden v. Houston, 2 Texas, 615; Ford v. Taggard, 4 Texas, 492. We are not prepared to say that the evidence would be admissible in estoppel, as we do not think that there are pleadings sufficient to effectuate estoppel, and therefore we do not determine the question.

In view of the disposition of the appeal and a probable trial of the case again, and that there may be no misapprehension of the ruling in this case, we deem it proper to make it clear that we do not decide nor intend to intimate, either one way or the other, that the bank, as a fact or as a matter of law, had a vendor's lien on the land. The true facts of the transaction are left free and open for determination in a trial of the case under proper pleading. If it should appear from all the facts in the case that the note payable to the bank was not executed and delivered as a part of the purchase money for the land in the sale and purchase of the land, but that the money was a loan by the bank to G. H. Goeman exclusively on the personal security of the note, then it could not be held that the bank had a vendor's lien on the land, and the appellees in consequence could claim no lien in their favor. If, on the other hand, assuming proper and sufficient pleading, it be established by proof that the note payable to the bank was executed and delivered as a part of the purchase money for the land in the sale and purchase of the land, and that the money was advanced by the bank to Goeman to perfect the sale and pay the vendor, with the understanding by the vendor and vendee that the bank was to be the owner of the note and have the vendor's lien, and not as a mere loan on the personal security exclusively, it might be held that the bank had a vendor's lien, and the surety paying the obligation to the bank might predicate a right to subrogation of the bank's rights. If the claim for a contract lien in favor of appellees is made to rest on parol agreement, then, as in the instant pleading, the statutes of fraud, if urged, would prevail against it. The case was ordered reversed and remanded.

*Reversed and remanded.*