COLGROVE v. FALFURRIAS STATE BANK et al.　(No. 5793.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 14, 1917.)

1. FRAUDULENT CONVEYANCES ☞299(1) — EVIDENCE—SUFFICIENCY.

Evidence *held* to justify a finding that the maker of a note conveyed all his land in Texas and Nebraska to hinder, delay, and defraud creditors.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 876.]

2. APPEAL AND ERROR ☞965—REVIEW—DISCRETION OF COURT—CHANGE OF VENUE.

As a change of venue is in the discretion of the trial court, and it must be made to appear that the court has abused its discretion before its action will be set aside, an order refusing an application to change the venue will not be disturbed, in the absence of the evidence on which it was based.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3836.]

3. TRIAL ☞214 — INSTRUCTIONS — QUESTION OF LAW.

In a suit to set aside a conveyance of land as fraudulent, an instruction that, if the property was the homestead of the grantor at the time the conveyance was made, it could not have been a fraudulent conveyance, was a proposition of law, which was not essential to aid the jury in answering issues of fact, and hence was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 480.]

4. EVIDENCE ☞591 — DOCUMENTARY EVIDENCE.

In a suit to set aside a conveyance of land as fraudulent, where plaintiff introduced the deed in evidence to show that it had its inception in fraud, he was not bound by any of its recitals.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2440–2443.]

5. EVIDENCE ☞419(2)—PAROL EVIDENCE AFFECTING WRITING—CONSIDERATION OF DEED.

The consideration recited in a deed may always be attacked, no matter by whom introduced in evidence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1912.]

6. FRAUDULENT CONVEYANCES ☞271½ — HOMESTEAD—EVIDENCE—BURDEN OF PROOF.

In a suit to set aside a conveyance of land as fraudulent, that the property was a homestead was a defense, which rested with defendant to sustain, and the only burden that rested on plaintiffs, if the homestead character was established, was to show that there had been an abandonment of the homestead.

7. TRIAL ☞214—INSTRUCTIONS—MATTERS OF LAW.

A special charge, which merely stated the law which would follow the finding of certain facts submitted to the jury, and which would not have aided the jury in answering the proper issues, was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 480.]

8. APPEAL AND ERROR ☞1032(1)—RECORD—BURDEN TO SHOW PREJUDICE.

Where assignments of error complain of the action of the court in not excluding jurors, thereby compelling appellant to challenge them, appellant must show that he exhausted his challenges, or was in some way injured by being compelled to exhaust his peremptory challenges.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4047, 4051.]

9. APPEAL AND ERROR ☞742(2) — ASSIGNMENTS OF ERROR—PROPOSITIONS.

Assignments of error, which, although seeking to raise different points made in the motion for new trial, are grouped, and are followed by five propositions on different subjects, some of them vague and very abstract, should not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000.]

Appeal from District Court, Brooks County; V. W. Taylor, Judge.

Consolidated actions by the Falfurrias State Bank and by the Falfurrias Mercantile Company against James F. Colgrove and others. From judgments for plaintiffs, defendant Elmer L. Colgrove appeals. Affirmed.

W. R. Perkins, of Alice, and J. E. Leslie, of Edinburg, for appellant. Jno. C. North, of Falfurrias, for appellees.

FLY, C. J. The Falfurrias State Bank instituted suit against James F. Colgrove, John A. With, and appellant, Elmer L. Colgrove, to recover on a promissory note for $795, executed to it by James F. Colgrove and John A. With. It was alleged that when said note was executed the said James F. Colgrove owned certain real estate in the state of Nebraska and in Duval county, Tex.; that he had conveyed all of said land, after executing the note; that the land in Duval county was conveyed to appellant, the consideration in the deed being recited to be $4,000 cash; that the conveyances were made to hinder and delay the creditors of the said James F. Colgrove, and that no consideration was paid by appellant for the Duval

county land, and that the conveyance was fraudulent and void. The bank prayed for judgment for its debt; that the conveyance to appellant be set aside; that the attachment obtained by the bank be foreclosed, and the land ordered sold to satisfy the debt. Afterward suit was instituted by the Falfurrias Mercantile Company against the same parties on a note for $1,076.78; it levied an attachment on the land, and prayed for the same relief as had been sought by the Falfurrias State Bank. The causes were consolidated and tried as one suit. The court instructed a verdict for each of the plaintiffs on its promissory note, and all questions as to the fraudulent conveyance were submitted as special issues to the jury, and upon the answers thereto judgment was rendered, declaring the conveyance fraudulent, and the attachment liens were foreclosed on the land.

[1] The evidence justifies a finding that James F. Colgrove conveyed all of the real estate he had in Texas and Nebraska to his sons for the purpose of defrauding his creditors. The evidence tends to show that appellant had no money and that he paid no consideration for the Duval county land. One of the payments that he claimed to have made to his father was drawn through a check by his father, and another payment claimed was borrowed, and a note given by his father. The jury was justified in finding that the sale of the lands was made to hinder, delay, and defraud appellees.

[2] The first assignment of error assails the action of the court in refusing an application to change the venue. The bill of exceptions upon which the assignment of error is based contains no statement of the facts shown on the hearing of the application, and the testimony thereon is not preserved in any other manner in the record, and this court has no way in which to test the correctness of the order of the court. The application for change of venue was contested in the statutory manner, and the court recites that the evidence was heard and that the facts were with the contestants. It will, in the absence of the facts, be presumed that the court was justified in refusing the change of venue. Change of venue is in the wide discretion of the trial court, and it must be made to appear that the court has abused its discretion before its action will be set aside. The order on an application to change the venue will not be disturbed, in the absence of the evidence on which it was based. Williams v. Bank, 44 S. W. 617. The facts should be set out in the bill of exceptions. Rule 55, District and County Courts (142 S. W. xxi); American Warehouse Co. v. Ray, 150 S. W. 763; Levy v. Lupton, 156 S. W. 362.

[3] The court defined a homestead in the country, informed the jury as to what in law constituted an abandonment of the homestead, as bearing upon the testimony as to James F. Colgrove leaving the Texas land, where he had lived some time previous to his conveyance to appellant, and then submitted the issue to the jury as to whether the land was the homestead of James F. Colgrove, and as to whether James F. Colgrove, at the time of execution of the deed, had abandoned the homestead with the intention not to return and reoccupy it. Then, at the request of appellant, the court further instructed the jury that, when property has once been invested with the homestead character, the same will be retained until the family leaves it with the intention never to return. The court also submitted this issue:

"Had the defendant James Colgrove abandoned the said property in Duval county, Tex., as a homestead, if same was a homestead, at the time of the execution of the deed by him to Elmer L. Colgrove?"

This statement is made in view of the complaint, through the second assignment of error, that the court refused to charge the jury, as requested by appellant, that if the property was the homestead of James F. Colgrove at the time the conveyance was made it could not have been a fraudulent conveyance. The assignment is overruled. The proposition contained in the requested charge was one of law, with which the jury had no concern, and had no bearing on the issues of fact upon which the jury was to pass. The jury not only found that the homestead character had never attached to the property, but it was abandoned with the intention never to return, and it then became the duty of the court to apply the law as to the effect of a conveyance of the property under such circumstances. No questions of law are to be submitted to the jury; the only law given, in cases of submission of special issues, is that which is essential to aid the jury in properly answering the issues of fact.

[4, 5] Appellant sought an instruction to the effect that when a party introduces documentary evidence he is bound by the recitals therein, with a view to binding appellees by the recital as to a consideration of $4,000 in the deed from James F. Colgrove to appellant, which appellees had introduced in evidence. The rule sought to be invoked would not apply where a party introduces an instrument for the purpose of assailing it. Appellees had described the deed in their pleading and denounced it as fraudulent, and they did not adopt its recitals as true by placing it in evidence. It was introduced for the purpose of attacking it, and that alone. The authorities cited by appellant have no applicability to the facts of this case. A party may introduce in evidence any instrument in writing, and then show that it had its inception in fraud. Elliott, Ev. § 987. The consideration recited in a deed may always be attacked, no matter by whom introduced in evidence.

[6] The fourth assignment of error is over-

ruled. The court instructed the jury that the burden of proving that the land was not a homestead when it was conveyed to appellant was on appellees, and the court properly refused a special charge embodying the same proposition. If there was an error in fixing the burden of proof, it was in reference· to appellees, and not appellant. That the property was a homestead was a defense, and it rested with appellant to sustain that defense, and the only burden that rested on appellees, if the homestead character was established, was to show that there had been an abandonment of the homestead.

[7] The court properly refused to give the special charge, the rejection of which is complained of in the fifth assignment of error. It merely stated the law which would follow the finding of certain facts submitted to the jury. The charge would not have aided the jury in answering the proper issues, and the court did not err in refusing it.

[8] The sixth and seventh assignments of error complain of the action of the court in not excusing two jurors, thereby compelling appellant to challenge them. There is no statement that appellant exhausted his challenges, or was in any way injured by being compelled to exhaust his peremptory challenges. No bill of exception was reserved to the action of the court as to the juror named in the seventh assignment, and the bill of exception as to the juror named in the sixth assignment fails to indicate that any injury resulted to appellant. Railway v. Steele, 50 Tex. Civ. App. 634, 110 S. W. 171, and authorities cited therein.

[9] The eighth, ninth, tenth, eleventh, twelfth, thirteenth, and fourteenth assignments of error, although seeking to raise different points made in the motion for new trial, are grouped, and are followed by five propositions on different subjects, some of them vague and very abstract. They are followed by several pages of evidence. They should not be considered, but, if they were, they would be overruled under our conclusions as to the facts.

The evidence tends to show that the land was not paid for when abandoned by James F. Colgrove, and that he, after the abandonment of the property, sought to cover it up by conveying it to his son, the appellant, who had nothing, and paid nothing to his father for the land. The whole transaction was tainted with fraud, and the court properly set aside the conveyance and made the land subject to debts, the validity of which are not denied. James F. Colgrove disposed of all his real estate in Nebraska and Texas, and very singularly conveyed it all to his two sons, just after he had left Texas and his debts behind. Appellant claimed that the land in ·Texas was his portion of his father's estate, and yet that he paid his father $4,000 for it, which from his showing was an erroneous price, as he stated he did not think "it is worth much more than what is against it." Nothing was shown against it, except the debts to appellees, amounting to about $2,-000. It seems that $2,000 of the money he claimed to have paid his father was borrowed on a note given by the father alone in Nebraska and secured by a mortgage on land in that state. Appellant also stated that his father gave him land in Nebraska about the time he executed the deed to him to land in Texas. The deed to the land in Texas was executed on June 26, 1912, at least three months after James F. Colgrove had left Texas, and the deed to appellant for the Nebraska land and the mortgage to Julia A. Hook were executed on April 1, 1912. The mortgage, according to the testimony of appellant, was given by his parents to raise $2,000, which their son was to pay them for their home in Texas. The father still owes the $2,000, which he borrowed to pay himself for the Texas land. Under such a state of facts, can it be astonishing that the jury found that appellant paid nothing for the land and that the transaction was fraudulent? The evidence was sufficient to sustain the findings of the jury.

The judgment is affirmed.