### DAVIS v. AYDELOTT.   (No. 2490.)

(Court of Civil Appeals of Texas. Texarkana. March 17, 1922. Rehearing Denied March 23, 1922.)

1. **Vendor and purchaser ⬅196—Grantee entitled to rents accruing after conveyance, but parties may contract to contrary.**

While grantee acquires the right to all rents accruing after conveyance, the parties may contract to the contrary.

2. **Landlord and tenant ⬅205—Tenant's promise to pay rent may be assigned without carrying interest in realty.**

A tenant's promise to pay rent is a mere chose in action, which may be assigned without carrying any interest in the realty.

3. **Vendor and purchaser ⬅228(1)—Vendee with knowledge of prior vendor's retention of rents, though by oral agreement, cannot recover same.**

One purchasing land with knowledge of a prior vendor's retention of the right to collect rents as a part of the consideration cannot recover same from tenant, though the agreement as to the retention thereof was oral.

4. **Evidence ⬅419(2)—Evidence of grantor's parol reservation of rent for current year held admissible.**

Where deed from father to son recited, as consideration, a nominal cash payment and love and affection, and in addition to this there was a parol agreement that the grantor should, as a further consideration, collect and retain a stipulated part of the rent due from the tenant in possession of the property for the current year, a subsequent purchaser with knowledge of such retention or reservation could not successfully contend that, expressed consideration in the deed being contractual in its nature, parol evidence was inadmissible to show that the grantor was also to receive the rent reserved.

Appeal from Bowie County Court; O. B. Pirkey, Judge.

Action by Lawrence Davis against W. S. Cox, in which A. T. Aydelott intervened. Judgment for intervener, and plaintiff appeals. Affirmed.

King, Mahaffey & Wheeler, of Texarkana, and R. H. Jones, of De Kalb, for appellant.

George W. Johnson, of New Boston, for appellee.

HODGES, J. In the early part of 1919, the appellee, A. T. Aydelott, was the owner of a 50-acre tract of land situated in Bowie county. He rented it for that year to one W. S. Cox, the latter agreeing to pay one-fourth of the cotton and one-third of the corn raised on the rented premises. On the 2d day of July, 1919, A. T. Aydelott sold and conveyed the tract of land to his son R. C. Aydelott, the consideration recited in the deed being a nominal cash payment and love and affection. In addition to this, there was a parol agreement between Aydelott and his son that the grantor should as a further consideration collect and retain of the rent not exceeding $250 of the rent of the premises due from Cox for that year, and should retain possession of the premises during the term of the lease for the purpose of supplying the tenant and enforcing collection of the rent. On the same date above mentioned, R. C. Aydelott conveyed to G. A. Bellott. On the 30th day of the same month Bellott conveyed the land to the appellant, Lawrence Davis. When the rents became due at the end of the year they were claimed by both A. T. Aydelott and Davis. Cox, being in doubt as to which party was entitled to receive them, by agreement sold the cotton and deposited the sum of $200 in a local bank to be paid over to the party entitled to receive it. Davis brought suit against Cox in the justice court for the rents. A. T. Aydelott intervened, claiming the prior right based upon the above agreement. Cox made no answer, and the trial resulted in a judgment in favor of the intervener. The case was appealed to the county court. There the case was submitted on special issues, in response to which a jury found that there was an agreement between A. T. Aydelott and his son R. C. Aydelott, at the time of the execution of the conveyance first above referred to, that the grantor should retain the rents for that year. The jury also found that both Bellott and Lawrence Davis knew of such an agreement at the time it was made and when they purchased the land. Upon those findings the trial court

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

rendered a judgment in favor of the intervener.

[1-3] The contention is that, the consideration expressed in the deed from the appellee to his son being contractual in its nature, parol evidence was inadmissible for the purpose of showing that the grantor was also to receive the rents for that year. In support of that proposition the appellant cites the cases of Martin v. Martin (Tex. Civ. App.) 222 S. W. 291, and Kahn v. Kahn, 94 Tex. 114, 58 S. W. 825, and some others. We do not think the rule applied in those cases is relevant here. The question has been settled contrary to appellant's contention by the case of Applegate v. Kilgore (Tex. Civ. App.) 91 S. W. 238, and Hereford Cattle Co. v. Powell, 13 Tex. Civ. App. 496, 36 S. W. 1033. While the rule is well established that the grantee acquires the right to all of the rents which have not accrued at the time of the conveyance, it is permissible for the parties to contract to the contrary. At the time the land was sold to R. C. Aydelott, it had been rented to Cox for that year, and the latter was in possession. The promise of Cox to pay the rent was a mere chose in action which could be assigned without carrying any interest in the realty itself. At the time Davis purchased that promise had, in legal effect, been assigned to the appellee, and all the interested parties knew of the assignment, or retention.

[4] Under the facts of this case the question is not one of varying the terms of a written conveyance by proving an unexpressed consideration, but of determining who is the owner of the promise made by Cox to pay the rent for that year. Bellott, the immediate grantor of Davis, had no right to the rents, made no claim to them, and clearly could not convey what he did not own.

The judgment is affirmed.