WILLIAMS v. FLOWERS et al.  (No. 2205.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 21, 1923.)

1. Contracts ⚙︎130—To stifle bidding illegal.

An agreement between vendor and the vendee, who had resold, by which the latter was to procure his purchaser to surrender possession, and was not to defend suit on purchase-money notes, nor bid at the foreclosure sale, to the end that vendor could recover the land and cut out notes of the subsequent purchaser in the hands of third parties, in consideration of which the vendor would release any judgment he might recover against his vendee, was contrary to public policy and fraudulent, be-

cause operating to stifle bidding to the detriment of the holders of the notes and the second purchaser.

2. Contracts ⚙︎138(1)—Court will not assist either party in the enforcement of an executory illegal agreement.

Where defendant set up a fraudulent agreement as a bar to the execution of a judgment against him, and was not seeking to set aside a sale made in pursuance of the fraudulent agreement, but was affirming and acquiescing and seeking to enforce the agreement in his favor, the illegal agreement being still executory, the court will not assist either party in the enforcement of it, but will leave them just where it finds them.

3. Evidence ⚙︎419(2)—Frauds, statute of ⚙︎100—To show real consideration for a deed admissible, and statute of frauds does not apply.

Evidence to show the real consideration for a deed is admissible, without the necessity of alleging that such real consideration was not stated through fraud, accident, or mistake, and the statute of frauds does not apply.

4. Continuance ⚙︎30—Erroneously refused on filing of an amended pleading on day of trial directly controverting ex parte deposition.

A motion for continuance on the ground of surprise should have been granted in suit to avoid a conveyance by defendant to his daughter, on the ground that it was fraudulent as to creditors, where defendant filed an amended pleading on the day of trial, which directly controverted the ex parte deposition of the daughter.

Appeal from District Court, Collingsworth County; C. C. Small, Special Judge.

Action by P. E. Williams against H. H. Flowers and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Cocke & Gribble, of Wellington, for appellant.

R. H. Templeton, of Wellington, for appellees.

HALL, C. J. [1, 2] At the November term, 1921, of the district court of Collingsworth county, appellant recovered a judgment against the appellees Flowers and J. W. Childress, in the sum of $4,223.95. Execution was issued thereon and returned nulla bona. At the November term, 1922, he filed this suit, alleging the facts above stated; that said judgment was unsatisfied; that on June 22, 1921, while the said Flowers was indebted to other parties in divers sums and amounts and did not have property within this state subject to execution sufficient to pay his debts, he transferred lots 1, 2, and 3, in block 221, in the town of Wellington, to his daughter, May Aline Childress, for the purpose of hindering, delaying, and defrauding his creditors; that said deed was dated June 23, 1921, and duly recorded September 24,

1921. He prays that said conveyance be set aside and declared void as against creditors and that the property therein conveyed be subject to the payment of his debt; that an abstract of said judgment had been duly filed, recorded, and indexed, and he prayed that the same be decreed a lien upon said lots. Flowers answered by general denial and specially answered, alleging that he entered into an agreement with the plaintiff that the latter would release said judgment; that in February, 1920, plaintiff sold him 80 acres of land in Collingsworth county and accepted in part payment therefor five notes for $825 each; that note No. 1 had been sold to J. W. Gimmell; that thereafter Flowers sold the lots to J. W. Childress, who assumed the plaintiff's notes and as further consideration for the transfer executed and delivered to Flowers his two notes in the sum of $524.87 each; that the last two notes were sold to R. L. Scott; that Gimmell had filed suit upon his note No. 1 of the first series; that thereafter Williams filed suit upon the remaining four notes; that Williams desired to get the land back, and agreed with defendant that if J. W. Childress would surrender the possession of the land, and Flowers would agree that Williams should sue on his notes, so that he could cut out the notes of Scott and Flowers, and if Flowers would not appear in said suit and would not appear to bid on the land, but would permit plaintiff Williams to bid it in, he (the said Williams) would release any judgment which he might recover against Flowers. He further alleges that he did procure J. W. Childress to surrender possession of the land, and relying upon said agreement he neither appeared in the suit nor bid on the land when it was sold, and permitted plaintiff to buy it in, and for said reason said judgment ought to be canceled. He further pleaded that the conveyance made to his daughter, Mrs. Childress, was made in settlement of her interest in the community estate of the defendant Flowers and his former wife, who was the mother of Mrs. Childress. Mrs. Childress answered, claiming that said property was conveyed to her in settlement of her interest in her mother's estate; that it was made when her father, H. H. Flowers, was solvent and was not in fraud of creditors. She adopted the answer of Flowers in so far as the same was applicable, and prayed that she be quieted in the title to the property. The case was submitted to the jury upon special issues, and the findings are as follows: (1) The house and lot described in the deed from H. H. Flowers to May Aline Childress was not a gift; (2) that at the time Flowers made said deed he possessed property within this state, subject to execution, sufficient to pay his existing debts; (3) that Williams and Flowers entered into an agreement whereby the former obligated himself to release the indebtedness he held against the latter and which was evidenced by the vendor's lien notes in consideration of the said Flowers placing Williams in possession of the land and permitting him to acquire title to it by suit and foreclosure; (4) the property in question was conveyed to Mrs. Childress by Flowers in settlement of all interest which the said Mrs. Childress had in the community estate of the said Flowers and his deceased wife. In accordance with this verdict judgment was entered that Williams take nothing.

It is insisted under several propositions that the agreement between the appellant Williams and the appellee Flowers to stifle bidding at the sale, made under the original judgment, was illegal and that the court should have sustained the appellant's demurrer to that part of Flowers' answer setting up such illegal agreement. We think the demurrer should have been sustained. Ives v. Culton (Tex. Civ. App.) 197 S. W. 619, and (Tex. Com. App.) 229 S. W. 321, is directly in point, and, according to that case and the authorities cited therein, the agreement which Flowers alleges he made with Williams was contrary to public policy, fraudulent in law, and voidable, because it operated to the detriment of R. L. Scott and J. W. Childress. It was to the interest of Scott, who held second vendor's lien notes against the land, that the property should sell under the judgment foreclosing the first lien for the greatest possible sum. If the sale under the original judgment had resulted in satisfying Williams' judgment against Flowers and Childress, then Scott's notes would not have been rendered valueless. It was also to the interest of Childress for the land to sell for its full value, because it might have resulted in satisfying the judgment against him in appellant's favor, and would certainly have improved his opportunity of paying off the amount due Scott upon the second vendor's lien notes, which he had given to Flowers and which the pleading shows Flowers had transferred to Scott. The pleading shows that the fraudulent agreement is only partly executed. By his answer, Flowers invokes the aid of the court in its full execution. He says, in effect:

We have made an illegal contract. I have done all I promised to do toward its consummation and now I want the court to require Williams to fulfill the obligations resting upon him under such illegal agreement and credit the judgment against me in full.

Courts will not assist either party to an executory illegal contract in the enforcement of it, but will leave them both just where it finds them. Wiggins v. Bisso, 92 Tex. 219, 47 S. W. 637, 71 Am. St. Rep. 837; Reed v. Brewer, 90 Tex. 144, 37 S. W. 418; Crutchfield v. Rambo, 38 Tex. Civ. App. 579, 86 S. W. 952; Medearis v. Granberry (Tex. Civ. App.) 84 S. W. 1072. Flowers is not seeking

to set aside the sale made in pursuance of their fraudulent agreement, but by his plea he in effect affirms and acquiesces in it, and prays the court to further enforce it in his favor. This the courts will not do.

[3] Appellant further insists that the court erred in permitting Flowers and Mrs. Childress to prove the real consideration for the deed, in the absence of any allegations that such real consideration was not stated in the deed through fraud, accident, or mistake. Evidence to show the real consideration for a deed is admissible without the necessity of such allegation, and the statute of frauds does not apply. Testimony to show the real consideration for a deed, when a stated consideration is not contractual, is always admissible. Whaley v. McDonald (Tex. Civ. App.) 194 S. W. 409; Hanrick v. Hanrick, 85 Tex. Cr. R. 482, 214 S. W. 321; Silliman v. Oliver, 233 S. W. 867; Colgrove v. Falfurrias State Bank (Tex. Civ. App.) 192 S. W. 680; Red River, etc., Ry. Co. v. Davis (Tex. Civ. App.) 195 S. W. 1160.

[4] Upon the day of the trial Flowers filed an amended pleading, setting up the fact that the deed conveying the property in question to his daughter, Mrs. Childress, was executed in settlement of her interest in the community estate of himself and his first wife; that said wife had died several years prior to that time in Foard county, Tex.; that Mrs. Childress was the only child of said marriage and as such had inherited her mother's share of the estate, which at that time was valued at several thousand dollars. The ex parte depositions of Mrs. Childress had been taken, in which she had testified that no one was indebted to her upon any account or in any sum. Upon the filing of this pleading the appellant moved the court for a continuance upon the ground of surprise. We think the motion should have been granted and that the court's action in overruling it is reversible error.

For the reasons stated the judgment is reversed and the cause remanded.