**COBB–HOLMAN LUMBER CO. v. LIECHTY et al.***

No. 9362.

Court of Civil Appeals of Texas. Galveston.

June 5, 1930.

Rehearing Denied June 26, 1930.

sued on were binding on them, but were within the statute of frauds and void.

"The material part of the deed from Griffith to Cobb-Holman Lumber Company reads as follows:

" 'Know all men· by these presents: That I, Col. George Griffith, of the County of Dallas, State of Texas, but now temporarily in Cherokee County, Texas, for and in consideration of the sum of Five Hundred Dollars cash to me in hand paid by Cobb-Holman Lumber Company, of Jacksonville, Texas, the receipt of which is hereby acknowledged, and the further consideration of the assumption and agreement to pay by said Cobb-Holman Lumber Company, one vendor's lien note on the land hereinafter described for the principal sum of Seventy-five Hundred Dollars, which note now amounts to the sum of Six Thousand Dollars and accrued interest; said note having been executed and delivered by Frank Schultz and wife to L. O. Herrington, and now owned and held by Dr. Hackler, of Dallas, Texas, and which note has been placed in the hands of C. L. Allen, Esq., for collection. It being agreed and understood that said Cobb-Holman Lumber Company is to pay the accrued interest on said note up to date, and whatever attorney's fees due thereon, and that the said note is to be assigned in writing from said Dr. Hackler to Cobb-Holman Lumber Company, without recourse on said Dr. Hackler. And it is further agreed and understood that said Cobb-Holman Lumber Company are to carry said note for a period of two years from date hereof at the agreed rate of six per cent interest from this date, and one additional year at the rate of seven per cent per annum, providing said grantor herein, Col. George Griffith, pays the taxes on said land each of said years, and all back taxes on said land, and pays the interest on said note annually from date hereof. And in the event that said note should about to become past due for four years, that said Col. Griffith will execute a renewal agreement with said Cobb-Holman Lumber Company, its successors or assigns, prior to the expiration of said four years from date of maturity thereof.

" 'I, the said Col. George Griffith, do by these presents grant, bargain, sell, release and convey unto the said Cobb-Holman Lumber Company, grantee herein, all of the merchantable timber now lying, standing, and growing upon the following described tracts of land, situated in Anderson County, Texas, to-wit: * * *

" 'The above and foregoing described five tracts of land contain twelve hundred twenty-two acres (1222), more· or less, and it is· understood that if the tracts as described should survey out more than that amount of land, the said timber on the excess is to go

G. W. Gibson, of Jacksonville, and Smithdeal, Shook, Spence & Bowyer, of Dallas, for appellant.

W. H. Flippen and John T. Gano, both of Dallas, for appellees.

## GRAVES, J.

This statement acquiesced in by the appellees as being substantially correct is taken— with a single interlineation added—from appellant's brief.

"This suit was instituted by Cobb-Holman Lumber Company, a private corporation, against Cora A. Liechty and her husband, L. E. Liechty, Currie McCutcheon, J. W. Mott, R. L. McInnes, and Claud C. Westerfield, of Dallas County, Texas; M. A. Davey, of Anderson County, Texas, and Humble Oil and Refining Company, of Harris County, Texas, seeking to obtain a judgment on a vendor's lien note and to foreclose a lien on certain described property. McCutcheon and Westerfield went out of the suit on disclaimer. The case was tried before a jury, and was submitted upon one single special issue. The material part of the pleadings of the defendants Liechty is contained in section VI of their First Amended Original Answer and Cross Action, which reads as follows:

· " 'Said defendants, without waiving any of the above, but still insisting upon same, come now and especially allege and show that heretofore the former owners of the real estate and land described in plaintiff's petition conveyed to the plaintiff, Cobb-Holman Lumber Company, certain timber rights thereon for and in consideration of the said Cobb-Holman Lumber Company purchasing the note sued upon herein and marking same paid and cancelled. That said Cobb-Holman Lumber Company under said conveyances were in possession of said timber rights so conveyed to them, and thereafter sold said timber rights to third parties for a consideration far in excess of the amount of the note sued upon herein; that the said Cobb-Holman Lumber Company thereby accepted and completed said transaction and received more than valuable consideration therefor, and said note sued upon herein thereupon became duly paid off, discharged and cancelled and the lien securing same against the property described in said petition thereby became duly cancelled and released.'

"They further plead limitation, and that no extensions or assumptions of the note or lien

to the grantee herein, and if less, said grantee is to lose the shortage.

. " 'It is agreed and understood that the grantee herein, Cobb-Holman Lumber Company, is to have two years from this date within which to cut and remove the above described timber from the above described tracts of land, provided, however, they shall cut the timber clean as they cut, and not go back and cut over the same land a second time.

" 'It is further agreed and understood that the grantee herein, Cobb-Holman Lumber Company, its successors or assigns, shall have the right of ingress and egress over, across and upon said tracts of land, together with such trams, truck, wagons or any other means of conveyance which they may desire to use for the purpose of cutting and removing said timber from said tracts of land and adjoining tracts which they may own or own timber on, during the term of this contract.

" 'To Have and To Hold the above described timber, together with all the rights, privileges and appurtenances to the same belonging, to the said grantee, Cobb-Holman Lumber Company, its successors or assigns, for the full term of two years from this date; and I hereby bind myself, my heirs and legal representatives, to warrant and forever defend all and singular the title to said timber, unto Cobb-Holman Lumber Company, the said grantee, its successors or assigns, in so far as my title to said land and timber is shown to be valid, against the lawful claims of any and all persons whomsoever.

" 'Witness my hand at Jacksonville, Texas, this 8th day of October, A. D. 1924.'

"The court submitted the case upon a single issue, reading as follows:

" 'Do you find from a preponderance of the evidence that the plaintiff in this case, Cobb-Holman Lumber Company, as a part of the consideration for the timber deed executed to them by Col. Geo. Griffith, agreed to pay off and cancel the note sued on in this case?'

"To which the jury answered, 'Yes,' judgment being rendered for the defendants on said verdict."

From the decree so entered, this appeal by the lumber company proceeds.

No attack is made upon the verdict of the jury as being without sufficient support in the evidence, the sole contentions of substance in this court, after several propositions relating to the same thing are reduced to their ultimate effect, being: (1) The court reversibly erred in permitting Col. George Griffith to testify orally on this trial as to the meaning of the language used in the quoted timber deed executed by him, as well as that there was another and different consideration for its execution not expressed therein, all of which testimony violated the rule forbidding the receipt of parol evidence varying, contradicting, explaining, adding to, controlling, or defeating a written contract complete within itself; (2) it is reversible error, where a case is tried on separate issues, for an attorney to tell the jury how to answer the issue to insure a judgment for his client; (3) the trial court improperly limited the effect of the ratification deed executed by Mrs. Anna Schulz, joined by her husband, Frank Schulz, to certain prior conveyances by him alone of timber on her lands to appellant, to merely showing good faith on the part of appellant.

None of these presentments, we conclude, should be sustained. Many transfers of the land followed the sale of the timber thereon, which it is deemed immaterial to detail here; the timber deed in question bore date of October 8, 1924, and eight days later, on October 16, 1924, appellant resold the timber thereby conveyed for $8,000 cash to it in hand paid, its president further having testified in substance that he had already cut some of the timber off of the land before receiving this conveyance from Griffith, and that a question with reference to the Schulz conveyances affecting it had also been called to his attention; the challenged testimony of the witness, Col. George Griffith, which followed the receipt of what has just been outlined, was this:

"The Cobb-Holman Lumber Company had prior to the execution of such deed been removing the timber from this land, and without the payment of any consideration therefor to me, under some sort of contract they claimed with Schulz, and they needed and desired a contract with me. I thereupon entered into negotiations with Mr. Sam A. Cobb, president and general manager of the Cobb-Holman Lumber Company, and we agreed that I was to convey to the said Cobb-Holman Lumber Company the timber rights on this property and the consideration was to be that the Cobb-Holman Lumber Company was to retain the timber theretofore removed by it and was to further purchase from Dr. Hackler a certain $7,500.00 note originally executed by Frank Schulz and wife to L. O. Harrington, and with which note and its conditions I am not personally familiar, and that the said Lumber Company, in the purchase of such note, were to hold same for a period of two years from that date with an agreed rate of interest at six per cent and one additional year at the rate of seven per cent per annum, provided that I pay the taxes on said property for said years, and that if during this period of two or three years a question of limitation came up, I was to execute a renewal to hold the note in full force and effect, and further, if during the period of such two or three years the said Cobb-Holman Lumber Company could

sell off the timber so to be conveyed to them by me for a sufficient amount to pay the balance on said note, then and in that event, said note was to be marked 'Paid' and cancelled and the lien against said property released and discharged. This was the agreement that was made between us and was carried out by the execution on my part of the said deed and the delivery of said deed to the said Cobb-Holman Lumber Company."

■ The argument of appellant is that, there being neither pleading nor proof of any omission of any sort from the contract evidenced by the quoted-from timber deed—however caused—thereby excluding any claim of there having been any accident, mistake, or fraud whereby it did not completely within its terms express the obligations of both parties thereto affecting the consideration for the timber sold as well as the estate that passed, which were all contractual in their nature, this parol testimony was inadmissible because it not only directly contradicted the several obligations imposed upon the parties under the written instrument—in that its effect on the one hand was to relieve Griffith from having conveyed to the lumber company the fee-simple title to the timber, and on the other to require the latter to pay in addition to what it had therein agreed to pay the vendor's lien note herein sued upon, but also in the other particulars specified contravened the rule so invoked against it; the obvious answer to this position, we think, is that the timber deed is patently ambiguous on its face, thereby on familiar principles letting in the parol testimony in explanation of what was meant, especially with reference to such an imperfectly stated consideration for the sale; in the opening statement of the consideration, there is in no uncertain nor equivocal terms an unconditional recitation that the lumber company assumes and agrees to pay the note herein involved, while the language that follows this is uncertain and confusing, in that it provides for appellant to purchase and then carry the note for a certain time under specified conditions, and also for an extension. This change in or contradiction of the expressed consideration—which itself is only such presumptive evidence of the real one as may be overcome by extrinsic evidence—does not touch the covenants of the grantor and grantee in the deed, and neither limits nor enlarges the grant; hence the general rule appellant relies upon does not apply. Williams v. Flowers (Tex. Civ. App.) 255 S. W. 1020; Kleck v. Kleck (Tex. Civ. App.) 246 S. W. 720; Leeson v.

Houston (Tex. Com. App.) 243 S. W. 485; Davis v. Aydelott (Tex. Civ. App.) 238 S. W. 1011; Singletary v. Goeman, 58 Tex. Civ. App. 5, 123 S. W. 436; O'Farrell v. O'Farrell, 56 Tex. Civ. App. 51, 119 S. W. 899; Jones, Commentaries on Evidence (2d Ed.) vol. 3, pp. 2708-2710, vol. 4, pp. 2861-2864.

■ The difference between the state of case here obtaining and that ruled by the holdings relied upon is that this testimony did not reach to the extent of disrupting the fundamental obligations of the parties under the contract, but merely explained a confusing mixture of differently expressed provisions relating to the consideration for it, so was receivable for that purpose under the authorities we have cited.

Appellant's second point is a mere abstraction, not being followed anywhere by any statement from the record indicating what it refers to, hence presents nothing for review by this court.

■ As concerns its third one, the land on which this timber stood was the separate property of Anna Schulz; her husband, Frank Schulz, without her joinder had alone attempted to convey the timber on it to S. A. Cobb by his deeds executed in 1922; they both joined in a so-called confirmation deed of the timber to appellant on October 15, 1924, but nearly a year before that, on November 30, 1923, they had both joined in conveying the property to J. W. Mott.

On these facts, the answer of the appellees to this objection to the judgment is quoted with approval:

"In the Lodwick Lumber Company Case cited below, it was specifically held that the timber rights, uncut, are realty. The husband, therefore, could not convey same without being joined by the wife. The latter deed by husband and wife, executed approximately a year after they had conveyed all the properties to a third party, and through which third party the appellees hold, could not convey any title to the land. The court, therefore, properly held that the introduction of such deeds was limited to the question of showing good faith on the part of the appellant." Lodwick Lumber Company v. Taylor (Tex. Civ. App.) 99 S. W. 192; Shuttles v. Butcher (Tex. Civ. App.) 1 S.W.(2d) 661.

Further discussion is forborne, as these conclusions determine the merits of the appeal; the trial court's judgment has been affirmed.

Affirmed.