## PRITCHARD v. WILLIAMSON.
### No. 10549.

Court of Civil Appeals of Texas.
San Antonio.
June 7, 1939.

Rehearing Denied Oct. 4, 1939.

John Q. Adams, of Harlingen, for appellant.

S. N. McWhorter, of Weslaco, for appellee.

SLATTON, Justice.

This is an appeal from a judgment sustaining a general demurrer. Arthur J. Pritchard in his trial pleading alleged the following:

That on or about the 21st day of March, 1931, plaintiff became the owner in fee of described land, by virtue of a general warranty deed from C. M. Crafton and wife. In said deed a vendor's lien was retained to secure the payment of four notes in the sum of $3,000 each. At said time a deed of trust lien existed on the land to secure the payment of one note in the sum of $8,000, payable to Peter Raibolt. By deed subsequent thereto plaintiff conveyed an undivided one-half interest in and to said land to defendant Henry Williamson, and as part of the consideration said Williamson assumed the payment of one-half of the first and second lien indebtedness.

That plaintiff and defendant made an agreement in writing for the purchase and sale of plaintiff's interest in the land, defendant to pay plaintiff the sum of $1,000 March 22, 1934, and $1,000 March 22, 1935. That at the time of said agreement said above described notes were due and payable. Said contract provided: "This agreement shall be null and void unless Henry Williamson can make an arrangement satisfactory to himself to make a partial payment on the Raibolt mortgage and to extend the time for paying the balance of the Raibolt mortgage."

That plaintiff and defendant went to see an attorney representing the Raibolt interest, and such attorney advised said parties the best thing to do was to not contest the Raibolt foreclosure but to suffer the foreclosure of such property, thereby wiping out the second lien notes, and then to repurchase from the Raibolts for the amount of the notes then held by Raibolt. After such conference defendant advised this plaintiff that he would immediately attempt to make certain arrangements with the Raibolts for the repurchase of the property, thus extending the mortgage, and that if an arrangement could be made with the Raibolts he would do so and pay plaintiff the sum stipulated in their contract, provided plaintiff did not in any way interfere with the foreclosure nor bid at the sale, and thereupon plaintiff surrendered entire possession to defendant, who has retained possession ever since.

That Williamson did make arrangements with Raibolt and the Raibolt mortgage was foreclosed and the land sold to Margaret Raibolt under order of sale, and that soon thereafter said property was sold to defendant for the amount of said Raibolt note, which consideration was paid by defendant: two thousand dollars in cash and the delivery by said defendant of vendor's lien promissory notes in the sum of $1,500 each, due one, two, three and four years after date.

That defendant was able and did make satisfactory arrangement with the Raibolt interest whereby he made a partial payment of the notes then due and secured an extension of time for the payment of the balance. Said arrangement was made without the defendant ever surrendering possession of the property, and such method of proceeding to obtain extension of time was agreed upon by the plaintiff and defendant; and had it not been for such agreement the plaintiff would have contributed half of the expenses in making such arrangement and would have paid his part of the cash required at that time, and would have assumed one-half of the remaining balance on the Raibolt notes, but the plaintiff says that by reason of his contract, dated March 22, 1933, and executed by himself and the defendant, this plaintiff did not appear and contest said foreclosure suit, did not appear at the sale and bid the property in and protect his interest, and did not attempt in any way to arrange with Raibolt for an extension of such lien and note.

That plaintiff has performed all his duties under the contract and has ever been willing to deliver a transfer of all his right, title and interest in and to said premises upon the payment of the sum of $2,000, as provided in the contract, and here tenders in open court his deed conveying said interest. That said sum is the purchase price of said interest and is an equitable vendor's lien on the described land. That defendant has refused the payment of said sum, although often requested so to do.

The prayer sought judgment for the sum of $2,000, with interest at the rate of 6% from March 22, 1935, and foreclosure of his lien, for costs, etc.

The trial court sustained the general demurrer of Henry Williamson, evidently upon the theory that the pleadings of Pritchard showed an executory contract against public policy, therefore Pritchard was not entitled to the aid of the court in its enforcement.

■ The parties concede that an agreement not to bid at a public sale, with the design to stifle bidding and to purchase the property at less than its fair value, is against public policy and void. The appellant insists that his cause of action is not predicated upon a contract against public policy. The written contract declared on by the appellant provided: "This agreement shall be null and void unless Henry Williamson can make an arrangement satisfactory to himself to make a partial payment on the Raibolt mortgage and to extend the time for paying the balance of the Raibolt mortgage." which made it incumbent upon the appellant, in order to recover on said contract, to allege and prove that Williamson had made such arrangement, etc.

When we look to that portion of the pleading in which the pleader attempts to allege a compliance with this provision, it appears that appellant and appellee were advised by an attorney representing the Raibolt interest that the thing to do was to not contest the Raibolt foreclosure, but to suffer the same, thereby wiping out the second lien notes, and for appellee and appellant to repurchase from the Raibolts the property for the amount of the notes then held by said Raibolt. After such conference appellee advised appellant that he would immediately attempt to make certain arrangements with the Raibolts for the repurchase of the property, thus extending the mortgage, and if an arrangement could be made with the Raibolts he would do so and pay plaintiff the sums stipulated in their contract provided that appellant did not in any way interfere with the foreclosure nor bid at the sale, and thereupon appellant surrendered entire possession of said property to appellee.

It further appears in the pleading: Appellant says by reason of his contract, executed by himself and the appellee, the appellant did not appear and contest said foreclosure suit, did not appear at the sale and bid the property in and protect his interest, and did not attempt in any way to arrange with the Raibolts for the extension of such lien and note.

Under the written contract it was contemplated by the parties thereto that appellant would convey his undivided one-half interest in and to the property, provided appellee could make arrangement with the Raibolts for the extension of said notes, etc. The quoted portions of appellant's pleading show, in effect, that such a conveyance is unnecessary and that the arrangement made with the owners of the Raibolt notes for a repurchase and extension was in consideration of the appellant not resisting the foreclosure nor bidding at the sale.

■ We are of the opinion that an integral part of the contract sued upon by the appellant had the effect to stifle bidding at a public sale, therefore is against public policy and void, and the trial court correctly sustained the general demurrer of the appellee. Williams v. Flowers, Tex. Civ.App., 255 S.W. 1020, 1021; Ives v. Culton, Tex.Civ.App., 197 S.W. 619; Ives v. Culton, Tex.Com.App., 229 S.W. 321.

The appellant seeks to avoid the force of the above rule by the assertion that the illegal contract, if any, is shown incidentally to his cause of action upon the written contract, and that he is not in pari delicto with the appellee. He relies principally upon the case of Sanger v. Futch, Tex. Civ.App., 208 S.W. 681, 684, and the same case reported in Tex.Civ.App., 163 S.W. 597.

The distinction between the two cases is apparent. In the Sanger case the cause of action there relied on "was not essentially founded upon anything illegal, although an apparently illegal act was incidentally alleged as explanatory of the other facts in the case," while in the present case the arrangements for the repurchase and extension of the Raibolt notes were necessary incidents to the grounds of recovery by the appellant. The appellant alleged his knowledge of the illegal plan and the appellee's intention to carry out the same, provided appellant would not bid at the sale. That the appellant did not resist the foreclosure, nor bid at the sale is specifically alleged.

The judgment of the trial court is affirmed.