MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. DAVID STEELE.

Decided May 9, 1908.

1.—Trial—Juror—Overruling Challenge for Cause—Harmless Error.

The mere denial of the right to challenge a disqualified juror does not entitle the complaining party to a new trial. It must appear in addition to such denial that some injury was sustained in consequence of the ruling, and the mere fact that the challenging party had exhausted his challenges in the selection of the jury is not sufficient to show injury.

**2.—Evidence—Conclusion of Witness, when Admissible.**

In a suit for damages for personal injuries alleged to have been caused by the negligence of defendant in failing to furnish sufficient light in the place where plaintiff was required to work, it was proper to allow the plaintiff to state that the light furnished him by the defendant was insufficient to enable him to see the objects around him. When a certain situation can not be made clear to a jury by any attempted description of the conditions, the conclusion or opinion of the witness will be received in evidence.

**3.—Same—Question not Leading.**

The following question held not leading or suggestive of the answer desired, viz.: "Do you know why it is the day fireman placed the ladder in position back there, and arranged things for the night fireman," and "State just what Bob Johnson said to you." A question which is not itself leading should not be excluded simply because it follows and is put in lieu of one which was leading and suggestive, but which was withdrawn or excluded.

**4.—Master and Servant—Ladder as Place to Work—Charge.**

When the duties of an employe require him to use a ladder, the ladder is a "place" within the meaning of the law concerning the duty of an employer to furnish the employe a reasonably safe place in which to perform the duties assigned him. Charge considered and approved.

**5.—Charge—Separation of Issues.**

It is proper in framing a charge not to complicate an instruction upon one issue or phase of the case with reference to another issue or phase.

**6.—Personal Injury—Assumed Risk—Charge.**

In a suit for damages for personal injuries caused by a fall from a ladder, charges considered and approved; requested charges considered, and held erroneous in that they took from the jury the issue whether or not plaintiff knew the danger attendant upon the use of the ladder under the circumstances.

Appeal from the District Court of Hunt County. Tried below before Hon. T. D. Montrose.

*John T. Craddock* and *Coke, Miller & Coke,* for appellant.—If a juror has served as many as six days in the District Court during the preceding six months he is disqualified for further service; and this would be so although his previous jury service may not have been for six consecutive days at one time and not all in the same District Court. Revised Civil Statutes (Sayle's, 1897), art. 3139; White's Annotated Code Cr. Procedure, p. 475, sec. 749; San Antonio & A. P. Ry. Co. v. Lester, 89 S. W., 752; Taylor v. State, 81 S. W., 752; Hunter v. State, 30 Texas Crim. Apps., 314; Welsh v. State, 3 Texas Crim. Apps., 414; Garcia v. State, 5 Texas Crim. Apps., 337; Tuttle v. State, 6 Texas Crim. Apps., 556; Myers v. State, 7 Texas Crim. Apps., 640; Dunn v. State, 7 Texas Crim. Apps., 600; Thompson v. State, 19 Texas Crim. Apps., 593; Monk v. State, 27 Texas Crim. Apps., 450.

A witness in testifying should relate facts within his knowledge, and the matter of forming opinions and drawing conclusions from those facts is the peculiar province of the jury, and this should not be usurped by the expression of opinions and conclusions formed or arrived at by a witness, especially not when that witness is the plaintiff in the suit. 1 Greenleaf on Evidence, sections 430g, 430i, 441b; Shifflet v. Morelle, 68 Texas, 382; Half v. Curtis, 68 Texas, 640; Gabel v.

Weisensee, 49 Texas, 142; Houston & T. C. Ry. Co. v. Smith, 52 Texas, 186; Clardy v. Callicoate, 24 Texas, 173; Kaufman v. Babcock, 67 Texas, 244; Harris v. Nations, 79 Texas, 412; Receivers of I. & G. N. v. Armstrong, 4 Texas Civ. App., 155; Ortiz v. Navarro, 10 Texas Civ. App., 198; International & G. N. Ry. Co. v. Dalwigh, 92 Texas, 655; San Antonio & A. P. Ry. Co. v. Hammon, 92 Texas, 509; Baldridge and C. Bridge Co. v. Cartrett, 75 Texas, 631.

The charge is erroneous, misleading and confusing, in that it applied to a state of facts not in evidence before the jury. There is no testimony in this cause that the "place" where plaintiff was required to labor was in any way unsafe, or that his alleged injury was in any way attributable to the failure of appellant to provide a suitable place for him to perform his labors. The evidence all tends to show that the occasion of appellee's injury, if he was injured, was a fall from a ladder upon which he had climbed in his attempt to knock out the man-head, and, therefore the charge in question was wholly inapplicable to the facts in evidence before the jury. Gulf, C. & S. F. Ry. Co. v. Younger, 10 Texas Civ. App., 141; Galveston, H. & S. A. Ry. Co. v. Harris, 36 S. W., 776; Baker v. Ashe, 80 Texas, 356; Gulf, C. & S. F. Ry. Co. v. Darton, 23 S. W., 89.

The court erred in refusing to give to the jury defendant's special charge No. 6. Texas & Pac. Ry. Co. v. Bradford, 66 Texas, 732; Houston & T. C. Ry. Co. v. Conrad, 62 Texas, 627; Galveston, H. & S. A. Ry. Co. v. Lempe, 59 Texas, 19; Galveston, H. & S. A. Ry. Co. v. Drew, 59 Texas, 10; St. Louis, A. & T. Ry. Co. v. Kelton, 18 S. W., 933; Steinhauser v. Spraul, 28 S. W., 620.

*B. Q. Evans,* for appellee.

TALBOT, Associate Justice.—Appellee Steele sued to recover damages for personal injuries alleged to have been received by him through the negligence of appellant. Besides a general denial the appellant pleaded contributory negligence and assumed risk. A jury trial resulted in a verdict and judgment in favor of appellee for the sum of five thousand dollars, and appellant has appealed.

The material facts as shown by the evidence are as follows: On July 21, 1906, appellee was in the employ of appellant and engaged as night fireman at its creosote plant, situated southeast of Greenville, in Hunt County, Texas. It was his duty on each Saturday night, after the plant had shut down, to open the manheads of the boilers used in the operation of the plant, so that they might cool off preparatory to having them cleaned out. The boilers were three in number and lay longitudinally side by side and were encased in brick masonry. The manheads were sheets or pieces of iron about 18 inches long and about 16 inches wide, and there was one of them in each end of said boilers; the ones in front being situated at the bottom of the boilers and those in the rear in the top of the boilers, about 12 or fourteen feet from the ground or floor. There were two crews, a day and night crew, engaged in the operation of the tie or creosote plant. Appellee worked under the day fireman, Bob Johnson, and was subject to his direction and control. In removing the manheads in the rear end of the boilers it

was necessary, for the safety of the employe engaged in that work, to use a ladder 12 or 14 feet long, and it was the duty of the day fireman, Johnson, to place such a ladder in position for appellee to stand on while knocking out said manheads. Appellee was instructed by the day fireman, Johnson, to knock out the manhead in the rear end of boiler No. 1, on the night he was injured, and showed him the tools to use in doing so. He also told appellee that, in doing the work, he would have to stand on the ladder then in position. This ladder had been placed by the said day fireman and was only 6 or 8 feet long and was in no way fastened or made secure to prevent it from slipping or falling. In obedience to the instructions then given him, appellee went up on the ladder, and while attempting to remove the manhead, the ladder upon which he was standing slipped or kicked out at the bottom, causing appellee to fall upon some iron pipes and the floor below and seriously and permanently injuring him. This occurred about nine o'clock at night, and the place where he was at work, because of the insufficient light furnished him by appellant, was so dark he could see but dimly the objects around him. At the time of the accident, appellee had been at work for appellant but about three weeks. He was inexperienced, had not been warned of the danger in using the short ladder, and had never before attempted to knock out the manhead he was then attempting to remove. When he ascended the ladder and began his efforts to remove the manhead and had unscrewed the bolts, he discovered that it was "stuck for some reason" and that it took a blow of considerable force to knock it in. In delivering the blow he stood with one foot on the ladder and the other on the brick masonry enclosing the boilers, and it was then the ladder "kicked from under him" and he was thrown upon the pipes and floor and injured. He did not know the length of the ladder required, to safely do this work, nor did he know at the time engaged therein, that the ladder upon which he was standing was not securely fastened. This ladder was not, in fact, fastened at all at the time it fell, and was too short to be used with safety in attempting to knock out the manhead without being fastened. Johnson, the day fireman, testified: "I always took the long ladder to go upon No. 1, when it was defective, because I would have to stand on the ladder while knocking out the manhead. The other was too short. I understood from the superintendent that it was my duty to instruct the night fireman in the work, as to the method of doing the work. I told the plaintiff he would have to stand on the ladder when he went to knock out No. 1. I suppose it was my duty as day fireman, to place the long ladder in position for the night fireman, for the reason that it would be too dark back there for him to put it in position himself for boiler No. 1." He further said: "If I should attempt to use the short ladder to stand on, then it might fall with me. I was afraid of that, that was the reason I did not use it." The blowoff pipe is 3½ or 4 feet from the ground or floor and runs from the middle of No. 1 boiler to the middle of No. 3 boiler. The ladder on the night of the accident was back of boiler No. 1, leaning against the blowoff pipe on the outside of it. The evidence leaves it in doubt whether the position of the ladder was noticed by appellee before or after he started up on it, but he did notice it before it fell. He also discovered after he

got up on the ladder that the top of it was not against the wall, but he thought the ladder was .fastened.

*Opinion.*—The first assignment of error complains of the court's action in overruling appellant's challenge of the juror, Jesse, for cause. The bill of exception shows that this juror was one of a panel of twenty-four, from which the jury trying the case was selected, and that he had served as a juror for seven days in the District Courts of Hunt County during the preceding six months, four days in the District Court of the Sixty-second Judicial District at its February term, 1907, and three days in the District Court of the Eighth Judicial District, during its March term, 1907. The juror was challenged on the ground that having served as a juror in the District Courts of Hunt County for six days during the preceding six months he was disqualified to serve in this cause. The trial court held the juror was qualified and overruled appellant's challenge, whereupon appellant challenged the juror peremptorily. The contention of the appellee is, that inasmuch as the juror had served in different District Courts and had not served for six consecutive days in either or both, he was not disqualified. We do not find it necessary to decide whether the court's ruling upon the question was correct or not. The bill of exceptions does not show that appellant suffered any injury by this action of the court, and, if it erred in not sustaining the challenge, the error is harmless. It appears from the record that the appellant exhausted the six peremptory challenges allowed it by law, but it does not appear that either of the jurors who served in the trial of the case was obnoxious to appellant, or that it would have challenged either of them, had it not been forced to exhaust a challenge on the objectionable juror, Jesse. Snow v. Starr, 75 Texas, 411; Houston & T. C. Ry. v. Terrell, 69 Texas, 650; Wolf v. Perryman, 82 Texas, 112; Paris Groc. Co. v. Burks, 17 Texas Ct. Rep., 892. The case is unlike San Antonio & A. P. Ry. v. Lester, 99 Texas, 215. In that case it was shown that, because of the court's action in disallowing the challenge of the railway company, it was compelled to submit its case to jurors who did not possess the qualifications required by law and who were objectionable to it, and the Supreme Court held, in effect, that injury was apparent and reversed the case. That case does not, as we understand it, go to the extent of holding that the mere denial of the right to challenge a disqualified juror entitles the complaining party to a new trial. For such holding, it seems, would be in conflict with the cases of Snow v. Starr, Houston & T. C. Ry. v. Terrell, and Wolf v. Perryman, *supra.* It must appear, in addition to such denial, as we understand the law, that some injury was sustained in consequence of the ruling.

Appellant's second assignment complains of the admission, over its objection, of certain testimony. It appears that after the plaintiff had testified that his only light on the night of the accident was a lantern and that it was very dark behind the boilers, the following question was asked: "Now in walking around them with that lantern, was the light from the lantern sufficient to disclose objects back there so you could see?" Appellant objected to the question on the ground that it was argumentative and called for the opinion and conclusion of the witness.

The objection was overruled, but before the question was answered, counsel for appellee changed the question and asked, "Whether the light from that lantern was sufficient to enable you to see objects about there." Appellant renewed its objections, which were overruled, and the witness answered, "No, sir." It also appears, that after this, the appellee's counsel said: "I want to amend that question and state it like I did before: want him to state then why it is he could not see." To this question appellant objected on the ground that "it was argumentative, leading, and called for an opinion and conclusion of the witness about facts for the jury to determine under all the circumstances of the case." The objection was overruled and the witness stated "it was very dark back there. Was enclosed, and there was smoke or soot and steam from the boilers made it still harder to see, and the lantern just gave very little light. In order to see how to get around or do anything, I had to hold the lantern down at anything to see it." The court did not err in any of its rulings here complained of. Neither of the questions, in our opinion, was leading or called for the opinion and conclusion of the witness, and the answers thereto were but the statements of facts apparent within his knowledge. If, however, it can be said that the questions, or either of them, called for the expression of the opinion of the witness, still there was no error in the action of the court for the reason that the insufficiency of the light and the witness's inability to see the objects referred to could not be made palpable to the jury without such opinion by any attempted description of the conditions surrounding him. In such cases the conclusion or opinion of the witness will be received. McCabe v. San Antonio Traction Co., 39 Texas Civ. App., 614; St. Louis & S. F. Ry. v. Smith, 90 S. W., 926. Besides, it seems that the same testimony, substantially, had been admitted without objection.

By its third assignment of error, which embraces the fourth, sixth, seventh and eighth, as set out in the record, appellant objects to testimony similar to that complained of in its second assignment, and upon practically the same grounds, and for the reasons stated in the discussion of that assignment we hold that this one points out no reversible error and it will be overruled. We will add, however, that the record shows that the evidence here complained of had been introduced, without objection, previous to the making of the objections urged under this assignment, and that when objected to was being brought out on cross examination of the witness.

The fourth assignment of error embraces the fifth and ninth, as they appear in the record, and complains that certain questions asked the witnesses John Pruitt and Bob Johnson were leading. It is sufficient to say in disposing of these assignments, that we have examined the questions referred to and are of the opinion that neither of them in form, or as suggesting the answer desired, is leading.

Complaint is made of the following paragraph of the court's charge: "It is the duty of a railroad company to exercise ordinary care to furnish its servants and employes a reasonably safe place in which to perform the duties required of them, and when a person enters the employment of a railroad company, or when he is called upon or undertakes the discharge of his duties he has a right to rely upon the assump-

tion that the place which he is to occupy while in the discharge of his duties is reasonably safe, and he is not required to make inspection to ascertain whether such place is reasonably safe or not, and he does not assume the risk arising from the failure, if any, of the railroad company, to do its duty in this respect, unless he knows of the failure and the attendant risk, or, in the ordinary discharge of his duties, he must necessarily acquire such knowledge." This charge is said to be "erroneous, misleading and confusing, in that it applied to a state of facts not in evidence before the jury." The specific objection, as we understand it, is that in standing upon a ladder to perform the service required of him, appellee was not in a "place," within the meaning of the law, furnished him by appellant; that as all the evidence shows that the occasion of appellee's injury was a fall from a ladder upon which he had climbed in his attempt to knock out the manhead, the charge in question was wholly inapplicable to the facts. The manhead of the boiler was so high above the floor that it could not be knocked in by one standing on the floor. As a means of reaching it appellant provided and furnished a ladder. Upon this ladder appellee was directed and required to stand while engaged in knocking in the manhead. It was the "place" furnished him by appellant in which to perform this particular duty and we think this objection to the charge is without merit.

Neither was the charge upon the weight of evidence and erroneous in that it failed to require of appellee the exercise of ordinary or any degree of care in the use of such place. Charges, in substantially the form of this one, have been approved often by the appellate courts. It is a correct statement of abstract propositions of law involved in the case, and should not have been complicated with any instruction relating to the degree of care the law imposed upon the appellee in using the ladder. Instructions upon that question were properly reserved for other paragraphs of the charge, wherein the application of the law to the facts upon the question was correctly made.

.The sixth assignment of error complains of that paragraph of the court's charge, wherein certain facts alleged by appellee for a recovery are grouped and the jury told that if they found said facts existed, to return a verdict in favor of appellee. The substance of the objections to this charge is, that it authorized a recovery against appellant upon a finding by the jury of the existence of the facts therein grouped, without requiring them to further find that the appellee exercised ordinary care for his own safety in using the ladder; that said charge assumes that the appellee, at the time he attempted to ascend the ladder and to knock out the manhead, was in the exercise of ordinary care, when the testimony conclusively shows that the length of the ladder and the manner in which it was placed, were patent and open to ordinary observation, and, that before appellee attempted to remove the manhead, he had observed that the ladder was too short and not fastened. Neither of these objections is well taken. The charge complained of was an affirmative presentation of the appellee's theory of the case, to which he was entitled, unincumbered with the requirement that, in the event the jury found the group of facts therein specified, existed, they must further find, in order to return a verdict for appellee, that he was in the exercise of ordinary care for his own safety. Whether he exercised

such care was a matter of defense and was, as it should have been, properly submitted in the charge on contributory negligence. Indeed, it has been held by this court that a charge which required the jury, in a personal injury suit, to find, in addition to facts alleged and relied on by the plaintiff for a recovery, that the plaintiff was himself in the exercise of ordinary care at the time injured, imposed the burden of proving the absence of contributory negligence on the plaintiff, and was error. Pares v. St. Louis S. W. Ry. Co., 57 S. W., 301.

In submitting the defenses urged by appellant, its rights involved in the issues of contributory negligence and assumed risk were fully protected by separate paragraphs of the court's main charge and special charges given at the request of the appellant. The second objection is equally untenable. The paragraph of the charge in question certainly did not assume that appellee "at the time he attempted to ascend the ladder and to knock out the manhead was in the exercise of ordinary care," neither did the evidence conclusively show that the length of the ladder and the manner in which it was placed were patent and open to the observation of the appellee, or that before he attempted to remove the manhead he had observed that the ladder was too short and not fastened. The evidence showed that the conditions, with reference to light and darkness, under which appellee used the ladder and attempted to remove the manhead, were such that those matters became and were peculiarly questions of fact for the determination of the jury.

Appellant's seventh assignment of error is as follows: "The court erred in refusing to give to the jury defendant's special charge No. 6, which is as follows: 'If you believe from the evidence that the plaintiff knew, before going upon the ladder, that it was setting up on the outside of the blowoff pipe, or, if you believe that he discovered that it was so setting while he was going up the ladder; and, if you further believe from the evidence that he knew, or before undertaking to knock the manhead back, after he had unscrewed the same, he knew that the top of the ladder was not resting upon anything, then you are charged that he assumed the risk of using the ladder in that way, and, if you believe from the evidence that he did use the ladder while setting in that manner knowing that it was so setting, and that its being so setting was the cause of the accident, your verdict should be for the defendant.' "

This charge was upon the weight of the evidence and properly refused. It assumes that if the appellee knew that the ladder was sitting up on the outside of the blowoff pipe, or that if he knew that the top of the ladder was not resting upon anything, such position of the ladder made its use dangerous, and that appellee necessarily knew of the danger incident to the use thereof. Such assumption was not authorized by the evidence. Appellee was inexperienced in the character of work he was doing when hurt, and had not been warned of its dangers or instructed as to how the ladder should be placed in using it to knock out the manhead and the court was not authorized to tell the jury, as a matter of law, that, if the appellee knew the ladder was sitting in the position described in the charge, he knew the danger incident to the use of it, while in that position and therefore assumed the risk. Nor can it be

held that the evidence showed conclusively that the position of the ladder was obviously dangerous and the danger thereof apparent.

We have carefully considered all of the assignments of error and conclude that none of them disclose reversible error. The evidence was sufficient to show that appellee's injuries were the result of appellant's negligence, substantially as alleged, and that appellee was not guilty of contributory negligence, and had not assumed the risk.

The case was submitted upon a charge of which appellant, in our opinion, can not justly complain and the judgment of the court below will be affirmed.

### ON REHEARING.

We carefully considered all the questions presented by appellant's motion for a rehearing, before writing the original opinion, and see no good reason now for changing our views of the law as therein expressed. We think, however, that our conclusions of fact, with respect to the distance of the manheads in the rear of the boilers from the ground or floor, and the length of the ladder necessary to remove them with safety to the employe attempting to do so, were incorrect. It is stated in the opinion that the manheads in the rear ends of the boilers were about 12 or 14 feet from the floor, and that in removing them it was necessary for the safety of the employe engaged in that work to use a ladder 12 or 14 feet long. These findings are corrected, and we now find that the manheads in the rear ends of the boilers were about 8 or 9 feet from the floor, and that to remove them safely it required a ladder about 8 or 9 feet long. Our other findings of fact are supported by the evidence and will not be modified or changed. The motion for rehearing is overruled.

*Affirmed.*

Writ of error refused.