GULF, C. & S. F. RY. CO. v. WILLIAMS.†

(Court of Civil Appeals of Texas. April 1, 1911. Rehearing Denied April 22, 1911.)

1. APPEAL AND ERROR (§ 1066*)—REVIEW—HARMLESS ERROR—INSTRUCTIONS.

In an action against a railroad for injuries to a passenger, though no issue was raised as to plaintiff's being a passenger, an instruction submitting such issue, even if calculated to cause the jury to conclude that defendant was denying everything, placed the greater burden on plaintiff, and did not injure defendant.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1066.*]

2. CARRIERS (§ 303*)—CARRIAGE OF PASSENGERS—CARE REQUIRED OF CARRIERS.

A railroad must exercise that high degree of foresight as to possible dangers to passengers preparing to alight from a train through the sudden starting thereof, and that high degree of care in providing against them which would be exercised by very careful and competent persons under the same or similar circumstances.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1216, 1218, 1224–1243; Dec. Dig. § 303.*]

3. TRIAL (§ 295*)—INSTRUCTIONS—CONSTRUCTION AS A WHOLE.

That in a personal injury action the court, in a paragraph of its charge submitting affirmatively plaintiff's right of recovery, failed to allude to contributory negligence, was not error where it submitted such issue in submitting defendant's defenses, as the charge should be considered as a whole.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 703–717; Dec. Dig. § 295.*]

4. EVIDENCE (§ 537*)—EXPERT WITNESSES—OPINION EVIDENCE.

In a personal injury action, it was not error to permit a practicing physician who had treated plaintiff, to express an opinion and make a prognosis as to plaintiff's condition.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2345, 2346; Dec. Dig. § 537.*]

5. WITNESSES (§ 400*)—IMPEACHMENT — EVIDENCE.

In an action against a railroad by a passenger who, while preparing to alight from a train, was thrown therefrom and rendered unconscious, remaining so until next day, a physician who had testified for plaintiff stated that a few hours after she revived she told him that, if the train moved at the time she fell or if its moving had anything to do with her falling, she did not know it. *Held* that, under the circumstances, it was not error to permit plaintiff to testify whether she had any conversation with such physician.

[Ed. Note.—For other cases, see Witnesses, Dec. Dig. § 400.*]

6. APPEAL AND ERROR (§ 1051*)—REVIEW—HARMLESS ERROR—EVIDENCE.

In a personal injury action, where defendant did not open up the inquiry as to plaintiff's health before the accident, but plaintiff and her brother had testified without objection or contradiction that it was good, error, if any, in admitting in rebuttal testimony of other witnesses to the same effect, was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. § 1051.*]

7. TRIAL (§ 63*)—ORDER OF PROOF—DISCRETION OF COURT.

It is discretionary with the trial judge whether he will permit original testimony to be introduced in rebuttal.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 152; Dec. Dig. § 63.*]

8. EVIDENCE (§ 474*) — OPINION EVIDENCE — COMPETENCY OF WITNESS.

In a personal injury action, witnesses who had been acquainted with and associated with plaintiff and had the opportunity of knowing and did know the condition of her health before the accident were competent to testify on that point.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2197; Dec. Dig. § 474.*]

9. DAMAGES (§ 216*)—PERSONAL INJURIES—INSTRUCTIONS.

In a personal injury action, evidence that plaintiff had suffered continuously from the day of the injury to the time of trial, and that her injuries were permanent, authorized an instruction that the jury on finding for plaintiff might allow her such sum as in cash paid would compensate her for her diminished capacity to labor

and earn money, if any, on account of her injuries, and also such sums as would compensate her for the physical and mental pain which she had suffered, and would in the future suffer, as a result of her injuries.

[Ed. Note.—For other cases, see Damages, Dec. Dig. § 216.*]

**10. TRIAL (§ 260*)—INSTRUCTIONS COVERED.**

In a personal injury action, the refusal of defendant's requested charges on contributory negligence was not error, where the main charge on such issue was sufficient under the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

**11. DAMAGES (§ 132*)—INJURIES TO PASSENGERS—EXCESSIVE DAMAGES.**

Where plaintiff, a passenger, was thrown from defendant railroad's train, and seriously and permanently injured in various parts of her body, and suffered continuously from the day of her injury to the time of trial, a verdict for $15,000 was not so large as to show passion or prejudice on the part of the jury.

[Ed. Note.—For other cases, see Damages, Dec. Dig. § 132.*]

Appeal from District Court, Hunt County; R. L. Porter, Judge.

Action by Lucy Williams against the Gulf, Colorado & Santa Fé Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Terry, Cavin & Mills and A. H. Culwell, for appellant. J. P. Yates and T. D. Starnes, for appellee.

RAINEY, C. J. This suit was brought in behalf of Lucy Williams against the railway company to recover damages for personal injuries received by her. She alleges, in effect, that she was a passenger on one of appellant's trains, her destination being Celeste; that, when the train reached Celeste, it stopped and she prepared to alight, having walked out on the platform of the coach, when the train was suddenly and negligently caused to lurch and start forward and stop suddenly, which caused her to be thrown with great violence from the platform of the car to the ground, and as a result thereof she was seriously and permanently injured in various parts of her body. Defendant answered by general demurrer, general denial, and contributory negligence. A trial resulted in a verdict and judgment for $15,000 in favor of plaintiff, and defendant appeals.

Appellant insists the court erred in not granting a new trial for "the verdict is contrary to the manifest weight, and the great preponderance of the evidence, and therefore contrary to and against the charge of the court." We do not concur in said contention. The allegations of plaintiff's petition as to the sudden jerking of the train, her fall to the ground, and her injury were testified to by several witnesses, whose veracity was not impeached. It is true that defendant adduced testimony on the different issues which conflicted with that of plaintiff. The jury having passed upon the weight and credibility of the testimony, and the evidence being sufficient to establish plaintiff's case, we hold the verdict should not be disturbed.

[1] The appellant presents the following assignment of error: "The court erred in giving the following paragraph of its charge to the jury: 'If, therefore, you believe from the evidence that on or about October 30, 1909, the plaintiff was a passenger on one of defendant's trains from Wolfe City to Celeste, and if you believe that while she was on the platform of the coach on which she had ridden the servants of the defendant caused or permitted the train to suddenly lurch or move, and if you believe that the plaintiff was thereby thrown from the platform of the coach and injured as alleged, and if you believe that the causing or permitting of said train to lurch or move, if it did, at the time, was a failure on the part of defendant's servants to exercise that high degree of foresight as to possible dangers to its passengers, and that high degree of care in providing against them which would have been exercised by very careful, cautious, and competent persons under the same or similar circumstances, and, if you believe that such failure, if any, was the proximate cause of plaintiff's injuries, if any, you will find for the plaintiff, but, unless you so find, you will find for the defendant.' "

One objection urged to said charge is that it is erroneous and misleading, in that it submits to the jury as an issue whether or not plaintiff was a passenger on that occasion, when there was no such issue raised, and calculated to cause the jury to conclude the defendant was denying everything. It is true there was no issue raised as to plaintiff being a passenger, and the court should have assumed it, but the error was harmless, and the defendant should not be heard to complain as it placed a greater burden on plaintiff, if anything, and does not injure the defendant.

[2] We think the charge complained of correctly instructed the jury on the question of the proper care incumbent on defendant on said occasion.

[3] The objection that said charge ignores the issue of contributory negligence is urged. This objection is not tenable. While this paragraph of the charge does not allude to contributory negligence, it was submitting affirmatively plaintiff's right of recovery, and the court in submitting defendant's defenses submitted to the jury the issue of contributory negligence, which we think is sufficient. A charge should be considered as a whole, and, when so considered, the charge in this particular is not error. The evidence fails to raise the issue of plaintiff's not using diligence in leaving the train, when it stopped, and her acts in that respect fail to change

the rule of law relative to the care necessary to be used by passengers.

[4] There was no error in allowing Dr. Pearson to express an opinion and make a prognosis as to plaintiff's condition. Dr. Pearson was a practicing physician, he treated the plaintiff, and the admission of his opinion, under the circumstances, was not error.

[5] Complaint is made of the court in permitting the plaintiff to testify as to whether or not she had had any conversation with Dr. Pearson, because said testimony was self-serving, and hearsay, and sought to impeach her own witness. The witness had testified that on the day after the accident, when plaintiff had regained consciousness and appeared to be rational, she told him that, if the train moved at the time she fell, she did not know it, and, if its movement had anything to do with her falling, she did not know it. Plaintiff was allowed to say that, if she had any such conversation she did not ` remember it—did not remember talking to him. The evidence shows that the fall of plaintiff rendered her·unconscious, in which condition she remained until the next day about noon. It was a few hours after she revived that Dr. Pearson testified to having the conversation with her. Under these circumstances, we think it was not error for her to state her remembrance as to having such a conversation.

[6] Plaintiff, in rebuttal, asked several witnesses what was the condition of plaintiff's health before her accident, to which they answered, "good," ever since they knew her. Objection was made because said evidence was not in rebuttal as defendant had not opened up that inquiry, and that it was the opinion of a nonexpert witness.

[7] We do not think the objection should be sustained. It is discretionary with the court whether he will allow original testimony to be introduced in rebuttal. There was no abuse of such discretion in this instance. [8] The witnesses who so testified had been acquainted with and associated with plaintiff, and had the opportunity of knowing and did know the condition of her health, which we think rendered them competent to testify on that point. Again, plaintiff and her brother had testified to the same effect without objection, which was not contradicted. The testimony of those witnesses objected to was but cumulative, and under the decisions, if the admission of said testimony was error, it was harmless error.

[9] Appellant presents this assignment of error: "The court erred in giving the following paragraph of its charge to the jury: 'If you find for the plaintiff, you will allow her such sum as in cash paid now will compensate her for her diminished capacity to labor and earn money, if any, on account of her injuries, if any, and also such sums as paid now will compensate her for the physical and mental pain, if any, which she has suffered and will in the future suffer as a result of her injuries, if any.'" The objection urged is that there is no evidence to support it. The evidence at the trial was, in effect, that plaintiff had suffered continuously from the day of her injury to the time of trial, and that her injuries were permanent. This evidence authorized the charge given.

[10] The court did not err in refusing appellant's requested charges on contributory negligence, as the main charge on this issue was sufficient under the evidence.

[11] The complaint that the verdict is excessive and should require a reversal is not sustained. The verdict is large, but it is not so large as to show passion or prejudice on the part of the jury. They had the evidence under consideration, and we do not feel that the evidence is such that we ought to interfere.

All the assignments have been considered by us, and, finding no reversible error, the judgment is affirmed.