**PEARSON v. TEXAS & N. O. RY. CO.**
(No. 291–3549.)

(Commission of Appeals of Texas, Section A.
March 29, 1922.)

**1. Trial ☞253(4)—Instruction on contributory negligence omitting element of proximate cause incorrect.**

In action for death at a crossing, refusal of requested instruction, submitting question of contributory negligence, *held* proper, in view of failure to require such negligence to have been a proximate cause of the injury.

**2. Negligence ☞82—Contributory negligence contributing cause to injury.**

Contributory negligence does not preclude recovery, unless a contributing cause to the injury.

**3. Railroads ☞333(1) — Contributory negligence in crossing in front of train defined.**

The test as to whether an occupant of an automobile was negligent is whether an ordinarily prudent person, similarly situated, with knowledge of the approaching train, would have attempted under the circumstances to cross the track in front of it.

**4. Trial ☞228(1)—Failure to allude to contributory negligence in each of the separate paragraphs submitting the grounds of negligence relied on not error.**

In action for death of occupant of automobile struck by train at crossing, the action of the court in submitting affirmatively in separate paragraphs of the charge the various grounds of negligence relied upon, without alluding to the defense of contributory negligence in such paragraphs, *held* not error, where the defense of contributory negligence was properly submitted in a subsequent and separate paragraph of the charge.

**5. Trial ☞295(1)—Charge considered in its entirety.**

The charge must be considered in its entirety.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Action by Sallie Pearson against the Texas & New Orleans Railway Company. Judgment for plaintiff reversed, and cause remanded by the Court of Civil Appeals (224 S. W. 708), and plaintiff brings error. Judgment of Court of Civil Appeals reversed, and that of trial court affirmed.

E. B. Pickett, Jr., and C. H. Cain, both of Liberty, and J. P. Rogers, of Houston, for plaintiff in error.

Baker, Botts, Parker & Garwood, of Houston, F. J. & C. T. Duff, and Orgain, Butler, Bolinger & Carroll, all of Beaumont, for defendant in error.

SPENCER, P. J. Plaintiff in error, Mrs. Sallie Pearson, instituted this suit, and recovered judgment against defendant in error,

Texas & New Orleans Railway Company, for the alleged negligent striking and killing of her husband, J. M. Pearson, while the latter was in the act of crossing the defendant in error's track at what is known as Englewood crossing, in Harris county.

Plaintiff in error and her husband, as the guests of W. P. Skinner and wife, were proceeding toward the city of Houston, in an automobile operated by Mr. Skinner. The public highway which they were traveling was approximately 76 feet from, and runs parallel with, the railway track for some distance, up to the beginning of a curve in the highway, near where it crossed the track. As shown by the scale of blueprint in the record, this curve constitutes a right-angle turn of the highway, has a radius of 50 feet and a length of approximately 80 feet, and terminates within approximately 25 feet of the rails. From the terminus of the curve the road continues straight, and intersects the railway track at right angles.

In attempting to pass over this crossing, the automobile in which the parties were riding was struck by one of defendant in error's trains, which was also going in the direction of Houston, and as a result of the collision plaintiff in error was injured and her husband instantly killed.

The grounds of alleged negligence upon which plaintiff in error predicated her cause of action, proximately causing the injuries, were: (1) That the defendant in error's servant in charge of the train, which struck the automobile failed to blow its whistle at a distance of at least 80 rods from the crossing; (2) that they failed to ring the bell at a distance of at least 8 rods from the crossing, and to continue ringing it until the crossing was passed; (3) that they operated the train at a dangerous and excessive rate of speed; (4) that they failed to keep a reasonable lookout to avoid injuring persons, about to use the crossing; (5) that they failed to provide and maintain a flagman, watchman, gates, bell, or gong at such crossing to warn people, about to use the crossing, of an approaching train; and (6) that they discovered the perilous position of the plaintiff in error and her husband, and failed to use all reasonable means at hand, consistent with the safety of the train, its crew, and passengers, to avoid injuring her and killing her husband.

Among other things defendant in error pleaded a general denial; (2) that plaintiff in error, her husband, and Skinner were guilty of contributory negligence; (3) that plaintiff in error, her husband, and Skinner were engaged in a joint enterprise and that Skinner was guilty of contributory negligence, which barred plaintiff in error's right to recover.

[1] The case was submitted to the jury un-

der a general charge. Defendant in error requested, but the trial court refused, the following special charges:

"If you believe that on the occasion in question plaintiff, Mrs. Sallie Pearson, could have ascertained the approach of defendant's train to said crossing in time to have avoided the accident by listening for the approach of said train, and if you further believe from the evidence that she did not listen, or by looking for said train, and you further believe that she did not look, or by both looking and listening, if you believe that she did not so look and listen, and that in failing to so look and listen, if she did so fail, she failed to use that degree of care that an ordinarily prudent person would have used under the same or similar circumstances, then you will render a verdict in favor of the defendant, unless you find for plaintiff on the issue of discovered peril.

"If you believe that on the occasion in question the deceased, J. M. Pearson, could have ascertained the approach of defendant's train to said crossing in time to have avoided the accident, by listening for said train, and if you further believe from the evidence that he did not listen, or by looking for said train, and you further believe that he did not look, or by both looking and listening, and you further believe from the evidence that he did not look and listen, and that in failing to so look and listen, if he did so fail, he failed to use that degree of care that an ordinarily prudent person would have used under the same or similar circumstances, then you will find for the defendant on account of the death of J. M. Pearson, unless you find for the plaintiff on the issue of discovered peril."

These special charges were the subject of the second and third assignments of error in the Court of Civil Appeals, which assignments the Court of Civil Appeals sustained. All other assignments were overruled, and the cause was reversed and remanded. 224 S. W. 708.

These charges tell the jury, in effect, that if they believe that plaintiff in error could have ascertained the approach of the train in time to have avoided the accident by looking, or listening, or both, and that a failure to do so was negligence, to return a verdict for defendant in error unless they found for plaintiff in error on the issue of discovered peril.

It will be observed that these charges utterly ignore the question of whether such negligence, if any, contributed to the injury. That was an important issue of fact, and one which the jury was rightfully entitled to decide.

This identical question was before the San Antonio Court of Civil Appeals in G., H. & S. A. Ry. Co. v. Pendleton, 70 S. W. 996. The trial court in that case instructed the jury, in substance, that if they found the plaintiff was negligent, and that such negligence proximately contributed to plaintiff's injury, plaintiff could not recover, although the defendant was also negligent. The charges was assailed by the railway company upon the ground

that the jury was required to find that plaintiff's negligence contributed to his injury. In disposing of this question Mr. Justice Neill said:

"The question as to whether the negligence of the plaintiff proximately contributed to his injury is as much a question of fact for the jury as the one of negligence itself. And unless the evidence shows it, though it may be sufficient to show negligence on the part of the plaintiff, there is a complete failure of the defense of contributory negligence. 'In its legal signification, contributory negligence is such an act or omission on the part of plaintiff, amounting to the want of ordinary care, as, concurring with some act of the defendant, is a proximate cause of the injury complained of.' Railway Co. v. Henning (Tex. Civ. App.) 39 S. W. 302. To have withdrawn the question of whether the negligence of plaintiff, if any, proximately contributed to his injury, would have been error, if a jury from all the facts and circumstances could have found that the negligence of plaintiff, if any were shown, did not proximately contribute to his injuries." Galveston, H. & S. A. Ry. Co. v. Pendleton (Tex. Civ. App.) 70 S. W. 998.

Charges similar to the ones now under review, instructing the jury that if they find plaintiff's acts or omissions under certain circumstances constituted negligence, to return a verdict for defendant, which charges contained no reference as to whether such negligence contributed to the injury have been reviewed by the appellate courts of this state, and have been, without exception, condemned because of the failure to have this important qualification included therein. M., K. & T. Ry. Co. v. Rogers, 91 Tex. 52, 40 S. W. 956; Wells Fargo & Co. v. Benjamin, 107 Tex. 331, 179 S. W. 513; T. & N. O. Ry. Co. v. Harrington et al. (Tex. Com. App.) 235 S. W. 188; H. & T. C. Ry. Co. v. Kelley, 13 Tex. Civ. App. 1, 34 S. W. 813, 46 S. W. 863 (writ of error refused); G., C. & S. F. Ry. Co. v. Mangham, 29 Tex. Civ. App. 486, 69 S. W. 80 (writ of error refused); Texas Portland Cement & Lime Co. v. Lee, 36 Civ. App. 482, 82 S. W. 307 (writ of error refused); G., C. & S. F. Ry. Co. v. Melville (Tex. Civ. App.) 87 S. W. 863.

[2, 3] A finding by the jury that plaintiff in error in the exercise of ordinary care could have discovered the approach of the train in time to avoid the injury would not necessarily defeat a recovery by her. This was but one of several circumstances surrounding the accident. In point of time, her negligence in this respect may or may not have been a contributing cause to the injury. The crucial test is: Would an ordinarily prudent person, situated as plaintiff in error was, and with knowledge of the approaching train, have attempted, under the circumstances, to cross in front of the moving train? T. & N. O. Ry. Co. v. Harrington et al., supra. To decide this question, it would be necessary to consider all the circumstances present at

the time and the combined effect of these circumstances. It would be improper to test the cause of action, by one negligent act, which may not have contributed to the injury, when other circumstances attending the accident may have constituted the proximate cause of it. Mills v. Mo. Pac. Ry. Co., 94 Tex. 242, 59 S. W. 874, 55 L. R. A. 497.

It is urged that the special charges present the rule of law announced in I. & G. N. Ry. Co. v. Edwards, 100 Tex. 22, 93 S. W. 106, and that the refusal to give them violated that rule. We do not think so. The plaintiff in that case was denied recovery because the court found as a matter of law, under the undisputed facts, that he exercised no care whatever in attempting to cross the railway track; in other words, under the undisputed facts of that case the court found that plaintiff's negligence contributed to the injury. That case does not hold that it is contributory negligence as a matter of law to pass in front of a moving train. Whether it is or not depends upon the facts of each particular case. The special charges under consideration are incomplete and imperfect, because the issue of whether plaintiff in error was guilty of contributory negligence in attempting to cross in front of the moving train is not presented by them.

[4] Plaintiff in error complains of the action of the trial court in submitting affirmatively, in separate paragraphs of the charge, the various grounds of negligence relied upon for recovery without alluding to the defense of contributory negligence in these paragraphs. The defense of contributory negligence was properly submitted, however, in a subsequent and separate paragraph of the charge.

[5] The manner of submitting the cause to the jury is not subject to the criticism leveled at it. The charge must be considered in its entirety, and not by isolated paragraphs or parts. When so considered, the objection loses its force. M., K. & T. Ry. Co. of Texas v. Steele, 50 Tex. Civ. App. 634, 110 S. W. 171 (writ of error denied 103 Tex. 668, 110 S. W. 171); G., C. & S. F. Ry. Co. v. Williams (Tex. Civ. App.) 136 S. W. 527 (writ of error refused, 106 Tex. 630, 136 S. W. 527).

We have carefully considered all the assignments of error filed by the defendant in error in the Court of Civil Appeals, and are of opinion that the honorable Court of Civil Appeals correctly disposed of all of them, except the second and third.

We recommend that the judgment of the Court of Civil Appeals be reversed, and that of the trial court be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

