## RHODES v. BRYSON. (No. 1745.)

(Court of Civil Appeals of Texas. El Paso. April 23, 1925. Rehearing Denied May 14, 1925.)

**I. Evidence ⬅471(29)—Testimony held not objectionable as conclusion of witness and his interpretation of contract sued on.**

In action on contract of employment, plaintiff's testimony that "under my contract, if I did not work a day, I was to be paid," when considered with his oft-repeated statement of terms of contract, was merely a statement of what was in fact agreed to, and was not objectionable as conclusion of witness and his interpretation of contract.

**2. Evidence ⬅99—Exclusion of evidence, not tending to prove or disprove any of issues, not error.**

It was not error to exclude evidence which did not tend to prove or disprove any of the issues.

**3. Appeal and error ⬅1047(4)—Admission of evidence on rebuttal, though not in compliance with proper order in which evidence should be introduced, held not reversible error, where merely cumulative of evidence in chief.**

In action on contract for employment, admission of additional evidence in behalf of plaintiff, after close of defendant's testimony, as to work performed, though not in compliance with Rev. St. art. 1951, directing order of proof, held not reversible error, where such evidence was merely cumulative.

**4. Appeal and error ⬅1050(2)—Statement that services of plaintiff, suing under contract of employment, worth more than agreed amount, held harmless, as it could not increase defendant's liability.**

In action on contract of employment, suit not being based on reasonable value of services, but alleged agreed value, statement that plaintiff's services rendered were worth more than agreed wage could not increase defendant's liability, hence was not prejudicial to defendant.

**5. Witnesses ⬅345(2)—Testimony held properly excluded as not putting credibility or general reputation of witness in issue.**

In action on contract of employment, testimony of witness that he had been tried for unlawful possession of whisky, and that plaintiff had testified in his behalf, and question whether plaintiff had testified that part of whisky was his, did not put credibility or general reputation of witness in issue, and was properly withdrawn from consideration of jury.

**6. Master and servant ⬅80(½)—Proof of formal demand for payment held unnecessary, in action on contract of employment, where not shown that demand made part of contract.**

In action on contract of employment, where there was no evidence that any amount becoming due under contract was to be paid on demand, so as to make demand for unpaid balance a part of contract, and failure to pay on demand, a breach thereof, held that failure of plaintiff to prove formal demand for payment of amount sued for, before filing suit, does not show that suit was prematurely brought, requiring new trial.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Action by J. M. Bryson against T. R. Rhodes. Judgment for plaintiff, and defendant appeals. Affirmed.

Kirby, King & Overshiner, of Abilene, for appellant.

C. L. Hailey, of Abilene, for appellee.

WALTHALL, J. This suit was brought by J. M. Bryson against T. R. Rhodes, to recover upon a contract of employment to look after his ranch for an indefinite period of time, for $1 per day, Sundays excepted. The cause of action is stated in two counts. The court submitted the case on one count only, and we will confine our consideration of the case to the one submitted.

Bryson alleged that in September, 1919, Rhodes entered into a contract with him, in which it was agreed that he (Bryson) was to look after Rhodes' ranch and live stock, and to do or cause to be done such things on and about said ranch and premises as the necessities might require, for an agreed compensation of $1 for every day, Sundays excepted. He alleged that he faithfully and diligently performed all of his duties and obligations under said contract of employment from September 14, 1918, to August 11, 1922. He alleges that the contract did not provide a specified time for the termination of said service, nor a specified time of payment, but that payments were made on various dates, dating back some two or three years prior to the time of the filing of his suit. He alleged demand, refusal to pay, and sued for a balance, alleged to be due and owing, of $1,007.50.

Rhodes answered by general demurrer, general denial, plea of payment, and the two years' statute of limitations.

The case was tried with a jury, and submitted upon special issues. On issues submitted, the jury found: Defendant agreed to employ plaintiff to look after his ranch at $1 a day, except Sundays, for an indefinite period of time; plaintiff substantially complied with the terms of said contract; the contract terminated August 11, 1922; by reason of the contract, defendant owes plaintiff $978.

The trial court found that $394 of the amount found by the jury was barred by the statute of limitations, and rendered judgment for plaintiff for $584, and costs of suit. On the overruling of his motion for new trial, defendant excepted and gave notice of appeal.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

## Opinion.

Appellant presents eight propositions; six complaining of the admission or exclusion of evidence. The seventh insists that the evidence does not show demand before suit, and on that account the motion for new trial should have been granted. The eighth proposition urges that the evidence fails to show a substantial compliance with the contract by appellee, and for that reason the verdict and judgment are contrary to the law and evidence.

· In stating the contract he had with appellant, appellee testified:

"On the 14th day of September, last, five years ago, Mr. Rhodes came to me and wanted me to take care of his ranch and cattle generally, and to do everything that was to be done on the ranch. I made arrangements with him to go to work for him, and to attend to his ranch for $1 a day, straight time. I was not to charge him for Sunday, but I was to have straight time, and I kept it up until the 11th day of last August, a year ago now. * * * I agreed to do anything that was to be done on the ranch. I agreed to take care of the cattle. I agreed to water them. * * * When I made that arrangement with Mr. Rhodes, he told me to water the cattle and to attend to them generally and to do everything that came up to be done on the ranch. *· * *· There was not anything said in the arrangement I had with Mr. Rhodes for my services over there, and no provision in the agreement in case I did not go on the ranch and work some of the days. There was not anything said about that. It was just straight time. It was straight $1 a day, except Sunday. That is exactly the time. That is exactly the trade I made. He tried to get me to work for 75 cents a day. I would not do it, and so he agreed to give me $1."

[1] Over objection that the testimony called for a conclusion of the witness and his interpretation of the contract, the witness was permitted to say:

"Under my contract, if I did not work a day I was to be paid, under my contract."

The words of the witness, quoted above, taken apart from the rest of what he said were the terms of his agreement, and apart from what he said he did do in looking after the ranch generally, and what he was permitted to say was meant by "straight time," in stating his agreement, could have the interpretation placed upon them by appellant, but, considering the words objected to in connection with his oft-repeated statement of the terms of the agreement, we think the better construction would be a statement of what was in fact agreed to, rather than the witness' expression of his conclusion or interpretation of his rights as a matter of law, or what the contract meant. From Mr. Rhodes' statement of the agreement, we do not understand that Bryson was to work a day to entitle him to $1. Mr. Rhodes, in stating his proposition to Bryson, said:

"I will give you $1 a trip to come down there and look after them [meaning his cattle]—if any of them need doctoring for worms or anything like that. I want them counted every week or two, and I will give you $1 for each trip you make, if you make it in an hour or a day."

[2] There is no issue tendered in the pleading which the excluded evidence stated under the second proposition would tend to prove or disprove, and it was not error to refuse to admit it.

[3] Appellee had testified to the terms of his contract, stating, in substance, that he was to look after appellant's ranch and the stock thereon generally, and do everything thereon necessary to be done, and had stated in detail what he had done in the performance of the contract. Appellee had also offered the testimony of other witnesses to the effect that they had, at times stated, assisted appellee in doing certain work about appellant's ranch, such as repairing fences, looking after the stock generally, and stating in what the work consisted, when appellee rested his case. Appellant then introduced witnesses whose testimony tended to contradict the statements of appellee and his witnesses as to some of the work appellee had done on appellant's ranch, and tended to contradict the statements of appellee as to the terms of the contract with appellant. At the close of appellant's evidence, appellee offered other and additional evidence tending to show what work appellee had done on the ranch, over objection that the offered evidence was not in rebuttal to any evidence offered by appellant, and that the evidence should have been offered in chief. The court overruled the objection, and heard the evidence. Appellant insists that the ruling is in violation of article 1951, R. S., directing the order in which the evidence is introduced.

We think the rule insisted upon by appellant the correct rule under the statute, and that trial courts should follow it. The question here, however, is, Does the admission of the evidence show reversible error? We have concluded that it does not. While the appellee alleged a compliance with the terms of the contract in looking after the ranch and the live stock thereon, and appellant answered by a general denial, and the court had submitted the issues as to a substantial compliance with terms of the contract by appellee, the main contention made by appellant in his proof was as to the terms of the contract itself. The evidence objected to was cumulative of the evidence in chief. We think, under the case of Gulf, C. & S. Ry. Co. v. Williams (Tex. Civ. App.) 136 S. W. 527, a writ of error denied, it was discretionary with the trial court, and the admission

of the evidence does not show such abuse of that discretion as to justify a reversal.

[4] The fourth proposition is without merit. The statement of the witness that his service rendered was worth more than $1 a day could not and did not increase appellant's liability. The suit was not based upon the reasonable value of the service, but the alleged agreed value, as submitted in the first paragraph of the charge.

[5] The court was not in error in withdrawing from the consideration of the jury the statement of a witness, testifying for appellee, that he (the witness) had been indicted and tried for unlawful possession of whisky, and that appellee had testified in his behalf, and refused to permit the witness to answer a question as to whether appellee had testified for the witness in the whisky case "that part of the whisky was his" (appellee's). The matters sought to be inquired about by the offered evidence would not, in our judgment, put the credibility or general reputation of the witness in issue.

[6] We have concluded that the failure on the part of appellee to prove a formal demand on appellant for the payment of the amount sued for, after his term of service ended, and before filing his suit, does not of itself show that the suit was prematurely brought, and that the court, for that reason, was in error in refusing to grant him a new trial.

There was nothing in the evidence on the part of either appellant or appellee to show that any amount becoming due under the contract of employment should be paid on demand so as to make a demand for any unpaid balance a part of the contract, and a failure to pay on demand a breach of the contract. Just what the respective parties agreed to is the crucible into which we must place the story of each to test the contract of employment sued upon. The verdict of the jury determined for the trial court and this court the disputed issues as to some of the features of the contract, but in no feature of any issue or evidence is it suggested that a demand for any unpaid balance is made a part of the contract. The appellant offered to employ, and appellee accepted to serve, for the consideration of $1 a day, Sunday excepted, for an indefinite period of time. No notice or consent was required under the agreement to terminate the contract. The jury found the contract terminated on August 11, 1922. This suit was brought on September 29, 1922. The jury found that appellant owed appellee the sum of $978, and of that amount the court found that $394 was barred by the statute of limitations. The evidence shows that during the years the account for wages was accumulating appellee requested payment for sums of money, and that payments were made for various amounts, but not in full and final settlement at any time. It would necessarily appear that more than a reasonable time had elapsed between the time the money was due and the filing of his suit.

The case is affirmed.