## OSTERLOH et al. v. SAN ANTONIO PUBLIC SERVICE CO.

No. 9448.

Court of Civil Appeals of Texas. San Antonio.

Nov. 28, 1934.

Rehearing Denied Dec. 19, 1934.

Carter & Lewis, of San Antonio, for appellants.

Templeton, Brooks, Napier & Brown, of San Antonio, for appellee.

BICKETT, Chief Justice.

Albina Osterloh and her husband, Albert Osterloh, appellants, brought this action against San Antonio Public Service Company, appellee, seeking to recover damages for alleged personal injuries to Mrs. Osterloh and property damage to their automobile, sustained as a result of a collision between the automobile and a street car. Appellants have perfected this appeal from a judgment of the district court, which was based upon a jury's verdict and which denied any recovery.

A brief statement of the facts as to the collision is necessary to the consideration of the issues raised on appeal. The collision occurred in San Antonio after dark, about 7:30, p. m., December 7, 1930. The street car, after stopping at a dispatcher's "ring-in station" just south of the intersection of East Commerce street and New Braunfels avenue, proceeded southward along the latter street to within a short distance of the third street (Dakota) intersection, about two and a half blocks from the point of starting to the point of collision. The motorman received a stop bell from a passenger to stop at Dakota street, and reduced his speed preparatory to making the stop. The speed of the street car just prior to the collision was estimated by the motorman at from four to six miles per hour and by Osterloh at from twenty to twenty-five miles per hour. The motorman testified that he had stopped the street car before the impact; Osterloh testified that the street car was still moving then. Osterloh testified that he was driving the automobile at from sixteen to twenty miles per hour at the time of the collision, that he turned the wheels to the right, and that he might have given it a little more speed in trying to avoid the collision. The motorman testified that the headlight was lighted and had been so for about an hour. The motorman, also, testified on cross-examination by appellants that he did not turn out the headlight at the "ring-in station," and that it was not the custom to do so. D. H. Oates, on duty at a gasoline station located about a block before the street car reached the point of collision, testified that the headlight of the street car was lighted from the intersection of Commerce street and New Braunfels avenue until it passed him. Osterloh, his wife, and daughter testified that the headlight was not lighted until the street car was a short distance in front of the automobile, and that the light was then suddenly flashed on. The lights inside the street car were lighted at all times in question. New Braunfels avenue was continuously paved from Commerce street beyond Dakota street, except that there was an unpaved rough strip on the east side of the street for about half a block north of the Dakota street line. Alongside this unpaved strip, the pavement extended about two feet east of the street car rail. New Braunfels avenue was straight, and the street car track was approximately in the middle of the street. Just prior to the collision Osterloh was driving with the wheels of the automobile astride the east rail of the street car track. Both Osterloh and the motorman were thoroughly familiar with the condition of the street. There were street lights at the corner of Commerce street and New Braunfels avenue and at each corner, except one irregular intersection, on the latter street down to and past Dakota street.

The jury found, in response to special issues submitted, that: (1) The motorman did not negligently fail to ring the street car bell; (2) the motorman did not discover that plaintiffs were in a position of peril in time to have avoided the collision by the use of the means at hand; (3) the defendant did not operate the street car without the headlight burning until just prior to the collision; (4) the street car was not operated at a negligent rate of speed as it approached the scene of the collision. The jury, also, found, upon the issues as to contributory negligence, that: (1) Osterloh saw the street car in time to avoid the collision; (2) after Osterloh saw the street car, he was negligent in failing to get off the track; (3) such negligence directly caused or directly contributed to the collision; (4) Osterloh failed to keep a proper lookout; (5) such failure directly caused or directly contributed to the collision; (6) plaintiff's automobile was operated at a negligent rate of speed as it approached the scene of the collision; (7) such negligence directly caused or directly contributed to the collision. The jury, further, found upon the issues as to damages that: (1) The amount of damages to compensate Mrs. Osterloh for the alleged injuries was "none"; (2) the reasonable amount expended in repairs to the automobile made necessary by the collision was "none."

■ Appellants assign error upon the action of the trial court in permitting appellee to propound to the witness Oates two interrogatories, which were objected to as being leading questions. The first question was, "Were the lights—was the headlight on this street car burning at the time, do you remember?" The second was, "And were the lights inside of the street car burning?" The witness answered each question in the affirmative. A question which directs the mind of the witness to a single fact is not a leading question if it may be answered "yes" or "no," but only if it suggests to the witness the desired answer. These questions do not suggest the answer desired. And it is not possible to understand how the subject of each question could be called to the attention of the witness in any form more free from intimation or suggestion as to the answer. The questions were not subject to the objection that they were leading. International & G. N. Ry. Co. v. Dalwigh, 92 Tex. 655, 51 S. W. 500; International & G. N. R. Co. v. H. P. Drought & Co. (Tex. Civ. App.) 100 S. W. 1011; St. Louis Southwestern Ry. Co. v. Lowe·(Tex. Civ. App.) 97 S. W. 1087; Southern Traction Co. v. Coley (Tex. Civ. App.) 211 S. W. 265; Missouri, K. & T. Ry. Co. v. Steele, 50 Tex. Civ. App. 634, 110 S. W. 171; Consolidated Coach Corp. v. Saunders, 229 Ky. 284, 17 S. W.(2d) 233.

■ Appellants, also, contend that the trial court erred in excluding the question propounded to the witness Teofil Gallo: "State whether or not you are familiar with the custom of street cars when they stand there after dark at night, waiting either before or after ringing in, as to whether or not they have the headlight turned off, or on?" The objection of appellee to the question was that it was immaterial and irrelevant. As shown above, there was a conflict in the testimony as to whether the headlight was burning. Appellants argue that proof of the general custom, that motormen temporarily turned off the headlights at the "ring-in station" two and a half blocks north of the place of this collision, was relevant upon the issue as to whether this motorman had his headlight off until just prior to the collision. The avowed purpose of the question was to attempt proof of a custom, that motormen turned off headlights at the "ring-in station," to furnish a basis for an inference that this motorman turned off his headlight on this occasion and for another inference that he started the street car without turning on the headlight and for a further inference that he proceeded two and a half blocks down the street without his headlight burning. Proof of such a, custom, as attempted to be proved, involving acts of other persons at a point two and a half blocks distant and under different conditions, was entirely too collateral and remote to be relevant. Nor was proof of such a collateral matter permissible for the purpose of attempting to contradict the witness. The court did not err in excluding the proffered testimony. Chicago, R. I. & G. Ry. Co.` v. Vinson (Tex. Civ. App.) 61 S.W.(2d) 532; Missouri, K. & T. Ry. Co. v. Johnson, 92 Tex. 380, 48 S. W. 568; Cobb Brick Co. v. Lindsay (Tex. Civ. App.) 277 S. W. 1107.

■ Appellants, further, complain that the trial court erred in excluding two questions propounded to the motorman, to wit: (1) "Don't you know as a matter of fact, you were bound to have realized and did realize that a collision was imminent and that the people in that car were in peril, before it reached that short distance from your car (10 to 14 feet)?" (2) "As you approached his automobile on the track, say you were running along anywhere from fourteen or fifteen miles an hour, or six or seven miles an hour, whatever the speed was, if an automobile is on the track thirty feet ahead of you, you realize that automobile and its occupants are in a perilous situation, don't you?" Appellee's objection to each question was that it was one of the questions the jury would have to decide and constituted an invasion of the province of the jury. Appellants contend that it was a proper inquiry, especially, upon cross-examination, as to when the motorman discovered the perilous situation of appellants. But the ·contention is relieved of its force by the testimony of this witness on di-· rect and cross-examination taken as a whole. A few extracts from his testimony will be sufficient to show that the subject was covered by other similar questions answered. The record shows the following on cross-examination:

"Q. As I understand it, as you went south on New Braunfels Avenue you saw the plaintiff's car, Mr. Osterloh's car, coming but you didn't realize he was not going to get off the track until he was about ten to fourteen feet away from you? A. Yes, sir. * * *

"Q. I know you couldn't say just exactly where but do you mean the first you realized or saw his car at all or saw the lights on it or noticed it in particular was when he was ten or fourteen feet away from you? A. When I first saw the car wasn't going to get off the track he was anywhere from ten to fourteen feet in front of me. * * *

"Q. But you didn't give the matter any particular thought, or realize, or think there was any risk at all, until it got ten or fourteen feet from you? A. That's correct. * * *

"Q. You say this automobile was about ten or fourteen feet away from you before you had any idea there was any danger there? A. Yes, sir. * * *

"Q. Don't you know, as a matter of fact, that if that automobile was approaching you as you picture it here, that you are bound to have realized that there was a collision imminent before he got within that short distance of the front end of your car. A. Not necessarily. A man at that distance has plenty of room to get off and get out of the way of a street car."

Thus, it is apparent that the alleged errors in the exclusion of these two questions were, in any event, harmless, and do not require a reversal of the judgment. Stallings v. Hullum, 79 Tex. 421, 15 S. W. 677; Slocum v. Putman (Tex. Civ. App.) 25 S. W. 52.

■ Appellants present as error the exclusion, upon the ground that it was irrelevant and immaterial, of the following question propounded on cross-examination to the motorman, to wit: "That place right there where that gap and rough place is, it is a bad place, isn't it? There have been other close calls there?" The stated purpose was to show the knowledge of the witness of the so-called "dangerous" condition, referring to the gap in the pavement and the rough surface of the unpaved portion of the street. The facts as to the condition of the street, both the paved and the unpaved portions, were fully described by the witnesses, and were shown to be well known to the motorman and to Osterloh. The facts do not show any dangerous condition so far as the street itself was concerned. The attempted inquiry into other narrow escapes of drivers of automobiles who tried to stay too long on the smooth, paved part of the street, rather than to get off on the rough, graveled part, if that is what is meant by "close calls," was improper. The question was properly excluded. Gulf, C. & S. F. Ry. Co. v. Rowland, 82 Tex. 166, 18 S. W. 96; Galveston, H. & S. A. Ry. Co. v. Rheiner (Tex. Civ. App.) 25 S. W. 971; Ware v. Shafer (Tex. Civ. App.) 27 S. W. 764.

■ The findings of the jury upon the issues of negligence and discovered peril having been such as to require the rendition of a judgment that there was no liability whatsoever upon the part of the defendant, the other findings of the jury upon the issues of contributory negligence upon the part of the plaintiff are immaterial. Therefore, the asserted contradictions, whether real or only apparent, in the findings that Osterloh saw the street car in time to avoid the collision, that, after he saw the street car, he was negligent in failing to get off the track, and that this was a proximate cause of the collision, could not, in any event, require the reversal of the judgment. Allen v. Texas & N. O. R. Co. (Tex. Civ. App.) 70 S.W.(2d) 758; Martinez v. Medina Valley Irrigation Co. (Tex. Civ. App.) 171 S. W. 1035.

Likewise, no error is presented upon the showing that the issues as to contributory negligence were submitted over appellants' objections that the negligence of the husband cannot be imputed to the wife. This court expresses no opinion upon the application of the doctrine of imputed negligence under the facts of this case. The whole matter is simply immaterial in the state of the record.

Similarly, the failure of the jury to find any amounts of damages for the alleged personal injuries of Mrs. Osterloh and property damage to the automobile becomes immaterial by reason of the findings of the jury upon the pivotal issues of negligence and discovered peril.

■ Appellants contend, finally, that the verdict of the jury was not based upon the evidence, but was the result of prejudice and passion, because the jury answered "None" as to the issues on the amount of damages, and because the jury made conflicting answers as to the issues on contributory negligence, and because the jury answered issues only conditionally submitted and not required to be answered by virtue of previous answers. The contention is overruled. We have carefully read the entire record. The plaintiffs were personally present and testified before the jury, who became the judge of their credibility and the weight to be given their testimony. The issues, upon which alleged contradictory answers were made by the jury, were not conflicting, and the answers, therefore, were not contradictory under all the facts in this case. The circumstance that the jury answered issues preceded by the instructions that, if the jury had answered the preceding issue in the negative, it need not answer the next question, is not indicative of prejudice or passion. There is ample evidence to sustain the verdict, and there is no reason shown to warrant disturbing it.

The judgment of the district court is affirmed.