### TEXAS & N. O. R. CO. v. SKINNER.
### (No. 543.)

(Court of Civil Appeals of Texas. Beaumont. July 1, 1920. Rehearing Denied Oct. 13, 1920.)

Railroads ⟨≡⟩351(16)—Charge on contributory negligence held erroneously refused.

In an action for injuries through the negligent operation of a train, running without signals as it approached a crossing, not guarded by gates or a flagman, the refusal of railroad's requested charge, to the effect that there could be no recovery if the person injured by listening or by looking could have discovered the approach of the train, and in failing to look or listen he did not use the care of an ordinarily prudent person under the circumstances, held error.

Error from District Court, Liberty County; J. L. Manry, Judge.

Action by W. P. Skinner against the Texas & New Orleans Railway Company. Judgment for plaintiff and defendant brings error. Reversed and remanded.

Orgain, Butler, Bolinger & Carroll, of Beaumont, and Baker, Botts, Parker & Garwood, of Houston, for plaintiff in error.

E. B. Pickett, Jr., and C. H. Cain, both of Liberty, and J. P. Rogers, of Mineral Wells, for defendant in error.

WALKER, J. This was a suit for damages arising out of the destruction of an automobile and personal injuries suffered by appellee in a railroad crossing accident. It is a companion case with Railway Co. v. Pearson, 224 S. W. 708, this day decided by us. Mr. Skinner was driving the car, as shown in the Pearson opinion. The assignments in this case are identical with those in the Pearson Case, except three or four additional assignments raising questions of fact. These we have given careful attention, and find no error in the respects complained of. All other assignments, except the first and second, which complain of the court's charge on contributory negligence, are overruled. The charge requested and refused in this connection is as follows:

"If you believe from the evidence that on the occasion in question the plaintiff, W. P. Skinner, could have ascertained the approach of defendant's train to said crossing in time to have avoided the accident by listening for the approach of said train, and if you further believe from the evidence that he did not listen, or if you believe from the evidence that plaintiff, W. P. Skinner, could have ascertained the approach of defendant's train to said crossing in time to have avoided the accident by looking for said train, and if you further believe from the evidence that he did not look for same, or if you believe from the evidence that plaintiff could have ascertained the approach of defendant's train to said crossing in time to have avoided the accident by both looking and listening for said train, and if you believe that he did not so look and listen, and if you further believe from the evidence that in failing to look, or in failing to listen, or in failing to look and listen, plaintiff, Skinner, failed to use that degree of care that an ordinarily prudent person would have used under the same or similar circumstances, then you will return your verdict in favor of the defendant herein and against the plaintiff, unless you find for plaintiff on the issue of discovered peril."

The legal effect of this charge is identical with the ones refused in the Pearson Case. We here refer to the aforesaid opinion in the Pearson Case for a full and complete statement of the facts in this case, and for the reasons for our disposition of the first and second assignments of error.

For the error in refusing to submit this special charge to the jury, this cause is reversed and remanded for a new trial.