SKINNER v. TEXAS & N. O. RY. CO.*
(No. 292–3550.)

(Commission of Appeals of Texas, Section A. March 29, 1922.)

Appeal and error ⚖═1094(1)—Determination by Court of Civil Appeals as to questions of fact conclusive on Supreme Court.

The Court of Civil Appeals' determination on questions of fact is conclusive on the Supreme Court.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Action by W. P. Skinner against the Texas & New Orleans Railway Company. Judgment for plaintiff was reversed, and cause was remanded by the Court of Civil Appeals (224 S. W. 713), and plaintiff brings error. Judgment of Court of Civil Appeals reversed, and that of trial court affirmed.

E. B. Pickett, Jr., and C. H. Cain, both of Liberty, and J. P. Rogers, of Houston, for plaintiff in error.

Baker, Botts, Parker & Garwood, of Houston, and F. J. & C. T. Duff and Orgain, Butler, Bolinger & Carroll, all of Beaumont, for defendant in error.

SPENCER, P. J. This is a companion to the case of Mrs. Sallie Pearson v. T. & N. O. Ry. Co., 238 S. W. 1108, in which our recommendations were this day made. The cause of action grew out of the same accident. The case was appealed to the Court of Civil Appeals by defendant in error. 224 S. W. 713. The assignments of error in the Court of Civil Appeals were identical with its assignments of error in the present case, except this case contained four additional assignments of error, raising questions of fact over which the Court of Civil Appeals' jurisdiction is final. The Court of Civil Appeals sustained the assignment which complained of the trial court's refusal to give the following requested special charge:

"If you believe from the evidence that on the occasion in question the plaintiff, W. P. Skinner, could have ascertained the approach of defendant's train to said crossing in time to have avoided the accident by listening for the approach of said train, and if you further believe from the evidence that he did not listen, or if you believe from the evidence that plaintiff, W. P. Skinner, could have ascertained the approach of defendant's train to said crossing in time to have avoided the accident by looking for said train, and if you further believe from the evidence that he did not look for same, or if you believe from the evidence that plaintiff could have ascertained the approach of defendant's train to said crossing in time to have avoided the accident by both looking and listening for said train, and if you believe that he did not so look and listen, and if you further believe from the evidence that in failing to look,

or in failing to listen, or in failing to look and listen, plaintiff, Skinner, failed to use that degree of care that an ordinarily prudent person would have used under the same or similar circumstances, then you will return your verdict in favor of the defendant herein, and against the plaintiff, unless you find for plaintiff on the issue of discovered peril."

The legal effect of this charge is identical with the one refused in the Pearson Case, and what was said in our recommendations in that case covers our recommendations in this one, and that is, that the court did not err in refusing the special charge for the reason set forth in our opinion in the Pearson Case.

We have carefully considered all the assignments of error filed by the defendant in error in the Court of Civil Appeals, and are of opinion that the honorable Court of Civil Appeals correctly disposed of all of them, except the second and third.

We recommend, therefore, that the judgment of the Court of Civil Appeals be reversed, and that of the trial, court affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.